(Decided 2nd March, 1876.)

SAMUEL NORMENT and others, Executors of ULYSSES WARD *vs.* WILLIAM A. BRYDON.

*Jurisdiction of the Orphans' Court—Act of 1872, ch. 451.*

The Orphans' Court has no jurisdiction over the sales of real estate made by the executors of a non-resident testator, where an authenticated copy of the last will and testament of such testator, has not been filed and recorded in the office of the Register of Wills of the county where the real estate sold lies.

APPEAL from the Orphans' Court of Garrett County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT, MILLER, ALVEY and ROBINSON, J.

*J. H. Gordon,* for the appellants.

The Orphans' Court had no power to pass the order decreeing the execution of a deed, and the order should be reversed. Art. 93, section 252, of the Code, prohibits the exercise by the Orphans' Court of any powers not expressly granted. See also *Act of 1865, ch. 162, sec. 2.* And this Court has uniformly held the exercise by it of powers not expressly granted to be void and unauthorized. *Townshend vs. Brooke,* 9 *Gill,* 90; *Lowe vs. Lowe,* 6 *Md.,* 352; *Williams vs. Holmes,* 9 *Md.,* 289; *Michael vs.*

*Baker,* 12 *Md.,* 158 ; *Hayden vs Burch,* 9 *Gill,* 82 ; *Taylor vs. Bruscup,* 27 *Md.,* 219 ; *State, use, &c vs. Warren,* 28 *Md.,* 338, 355, 356 ; *Bowie, Ex'r vs. Ghiselin,* 30 *Md ,* 553, 556 ; *Eichelberger, Ex'r vs. Hawthorne,* 33 *Md.,* 583, 596 ; *Montgomery and Spencer, Ex'rs vs. Williamson,* 37 *Md.,* 426.

*Maurice A. Healey,* for the appellee.

The Orphans' Court had complete jurisdiction to pass the order appealed from, and it was the *only* Court that *could* dispose of the matter. See *Acts of* 1865, *ch.* 162, 1866, *ch.* 81, 1868, *ch.* 336, and 1870, *ch.* 82; *Davis, Adm'r vs. Clabaugh, Ex'r,* 30 *Md ,* 511 ; *Montgomery, &c. vs. Williamson,* 37 *Md.,* 426; *Barnes and Fergusson vs. Compton's Adm'rs,* 8 *Gill,* 397 ; *Sewall vs. Costigan,* 1 *Md. Ch. Dec.,* 208.

The executors voluntarily placed themselves under the jurisdiction of the Orphans' Court, the sale was ratified at their instance and on their report, and the purchaser, Brydon, was only seeking to obey the decree of the Court in his petition of March 9th. An order of a Court of Equity—with which, by the statutes above referred to, the Orphans' Courts have been clothed with concurrent jurisdiction—ratifying a sale, is considered as amounting to a decree for the payment of the purchase money, and if that Court could not enforce it, it could not be enforced at all. Each Court will enforce its own decrees. *Richardson vs. Jones,* 3 *G. & J.,* 186 ; *Anderson vs. Foulke,* 2 *H. & G.,* 359.

Where two Courts have concurrent jurisdiction, the Court in which the suit is first commenced is entitled to retain it. *Dunnock vs. Dunnock,* 3 *Md. Ch.Dec .,* 150.

By the Acts of 1865, 1866, 1868, 1870, before referred to, the executors had their remedy against Brydon, and if they deemed him too tardy in complying fully with the whole terms of sale, they could have proceeded against

him in a summary way, to compel him to do so.   Common reason and justice would suggest that the right of the executors to compel the purchaser to comply or submit to having the property resold at his risk, must be reciprocal with the right of the purchaser to comply as soon as he was able.   It would seem strange that he could be summarily dealt with and subjected to loss at the mere suggestion of the executors, and that they, who have no estate or interest in the lands, other than that of trustees, could, in defiance of an order of Court, arbitrarily prevent him from obeying the Court, and obtaining a title to the lands he had purchased.

Once having reported the sale to the Court, the executors became simply its trustees or instruments to carry out its decrees, and are bound to obey it.   The Court became the custodian of the fund, and alone could govern and distribute it.   *Sewall vs. Costigan*, 1 *Md. Ch. Dec.*, 208 ; *Montgomery, &c. vs. Williamson*, 30 *Md.*, 511 ; *Barnes vs. Compton's Adm'rs*, 8 *Gill*, 397 ; *Richardson vs. Jones*, 3 *G. & J.*, 186 ; *Anderson vs. Foulke*, 2 *H. & G.*, 359 ; *Brooks vs. Brooke, et al.*, 12 *G. & J.*, 306 ; *State of Md. vs. Bank of Md.*, 6 *G. & J.*, 205 ; *Act of* 1831, *ch.* 315, *secs.* 10 *and* 11.

The executors parted with their right to the property the moment it was sold, subject to the final decree or order of ratification.   When that was passed, Brydon became in equity, the owner of the lands.   They were vendible, chargeable, devisable, could be encumbered, might be assets, and would descend to his heirs as his. *Brewer vs. Herbert*, 30 *Md.*, 308, etc. ; *Brown vs. Gilmor's Executors*, 8 *Md.*, 326.   And whether the purchase money was paid at the time or not.   *Hampson vs. Edelin*, 2 *H. & J.*, 66 ; *Jenifer's Lessee vs. Beard*, 4 *H. & McH.*, 74 ; 2 *Story's Eq.*, sec. 1212 ; *Wagner & Marshall vs. Cohen*, 6 *Gill*, 102--3.

BRENT, J., delivered the opinion of the Court.

This appeal is from an order of the Orphans' Court of Garrett County, by which the appellants, as executors of Ulysses Ward, late of Washington City, in the District of Columbia, are directed to execute a deed to the appellee, Brydon, conveying to him certain real estate, lying in that county, which belonged to their testator, Ward.

As shown by the record before us, the first proceeding, taken in this matter before the Orphans' Court of Garrett County, is a report under the oath of the appellants, stating that they had sold the real estate in question to Brydon, in pursuance of powers contained in the last will of Ulysses Ward, late of the District of Columbia. This sale so reported, was finally ratified by that Court on the 28th of October, 1873.

The will is not exhibited, nor does it appear that it was ever filed and recorded in the office of the Register of Wills of Garrett County.

The next proceeding before the Orphans' Court, is on the 9th of March, 1875, when Brydon filed his petition, asking that an order may be passed directing the appellants to execute to him a deed. From this petition, it appears, that the terms of sale had not been complied with by him, but he asserts his readiness and ability then to pay the purchase money with interest, and files an exhibit of the amount due.

Upon this petition the Orphans' Court on the same day passed an order directing the executors to execute a deed, for the land in question, to Brydon, upon the payment of the purchase money then due, amounting with interest, to the sum of $1043.60.

The appellants, among other objections to this order, have interposed the want of jurisdiction in the Orphans' Court to pass it—first, upon the ground that they never had jurisdiction of the case, because the requirements of the Act of 1872, ch. 451, conferring the jurisdiction, had

not been complied with ; and secondly, if they had any jurisdiction over the case, it did not go to the extent of decreeing a specific performance by directing the execution of a deed, but was limited to the ratification of the sale.

The decision of the first objection made to the jurisdiction, will render it unnecessary to consider the second.

By Art. 93, sec. 252, of the Code, the Orphans' Courts of this State, are prohibited from exercising any powers not expressly conferred by law. They are Courts of special limited jurisdiction, and are confined to the letter of their authority. They must exercise the powers conferred upon them strictly in accordance with the law, and the facts, necessary to clothe them with jurisdiction, must affirmatively appear upon the face of their proceedings. They cannot be left as matters of inference or presumption.

The Act of 1872, ch. 451, confers jurisdiction upon the Orphans' Court over sales of real estate made by the executors of the will of "a non-resident testator," "provided that an authenticated copy of the said last will and testament shall have been filed and recorded in a register's office of this State, in the county where the lands lie ; and provided further, that full authority was given by the said last will and testament to the executors to sell and convey the said real estate."

The real estate in the case before us was confessedly owned by a non-resident. He died in the District of Columbia, and his will was there admitted to probate and record.

Two things were necessary to confer jurisdiction upon the Orphans' Court of Garrett County over the sale of land, in that county, owned by this testator in his lifetime. The first was, the filing and recording in the office of the Register of Wills of that county, an authenticated copy of his will, and the second, that the will should

give full authority to the executors to sell and convey. Whether such authority is contained in the will it is impossible for us to say, as there is no copy of it in the record. This question however, becomes an unimportant one, as the failure to file for record an authenticated copy of the will with the Register of Wills, must be fatal to the jurisdiction of the Orphans' Court. This proceeding was essential under the Act of Assembly, and is the very foundation of the power of that Court to pass any order or decree in relation to the real estate of the testator.

As a consequence, the whole proceedings in this case were *coram non judice,* and the order appealed from must be reversed.

*Order reversed.*

(Decided 2nd March, 1876.)