NICHOLAS M. SMITH and WILLIAM SCHWARZ *vs.* THOMAS M. MONTGOMERY, and others.

*Foreign executors—Sale of Testator's land.*

Section 78 of Article 21 of the Code, provides that all deeds duly acknowledged and recorded, made by executors of wills of non-resident testators, executed to pass real estate, and proved according to law, conveying land in this State, shall be as valid and effectual in every respect "as if made by executors under last will and testament, duly executed, proved and recorded in the office of the register of wills in this State, for lands lying therein, and whose sales of real estate, under the authority of said will were duly made and reported to and ratified by an Orphans' Court in this State; provided," &c. HELD:

That the executor of a non-resident testator is not required to report a sale of land lying in Maryland to the Orphans' Court of the county wherein such land lies, for its ratification.

APPEAL from the Circuit Court No. 2, of Baltimore City.

Sylvester Keyser, a resident of the State of Pennsylvania, died seized of land lying in Baltimore City, and by his will, which was duly proved, and an authenticated copy whereof was recorded in the office of the register of wills of Baltimore City, he directed his executors therein named, to make partition thereof, and hold the portions into which the same was divided upon the trusts therein set forth. The will also gave the executors full power and authority, at any time prior to the partition of the estate, to sell any part or portion thereof, and convey the same to the purchasers. No partition of the estate having been made the executors as such, and also as trustees, together with their co-appellees, entered into a contract in writing with Nicholas M. Smith and William

Smith and Schwarz *vs.* Montgomery and others.

Schwarz by which contract said Smith and Schwarz agreed to buy from them the land described in the bill of complaint, in which land their testator was seized of an undivided moiety. The purchasers refused to consummate their purchase unless the executors would report the sale so made, to the Orphans' Court of Baltimore City, for its ratification. This the executors refused to do, and thereupon, filed their bill for a specific performance of the contract of sale on the part of the purchasers. The Court (STEWART, J.) passed a decree directing the specific performance of the contract of sale. From this decree the purchasers appealed.

The cause was argued before ALVEY, C. J., MILLER, IRVING, FOWLER, and McSHERRY, J., for the appellants. The Court declined to hear counsel for the appellees.

*George R. Willis,* (with whom was *Joseph W. Hazel,* on the brief,) for the appellants.

*Charles Herzog,* and *Richard M. Venable,* for the appellees.

FOWLER, J., delivered the opinion of the Court.

This appeal presents but one question, namely, whether the Act of 1872, chapter 451, now codified as section 78 of Article 21 of the Code, requires the executor of a nonresident testator to report a sale of real estate lying in Maryland to the Orphans' Court where the land lies, and to obtain its ratification of the sale.

The section referred to is a long one, but we think its meaning is very clear. It provides that all deeds duly acknowledged and recorded, made my executors of wills of non-resident testators, executed to pass real estate, and proved according to law, conveying land in this State, shall be as valid and effectual in every respect "as if

made by executors under last will and testament, duly executed, proved, and recorded in the office of the register of wills in this State, for lands lying therein, and whose sales of real estate, under the authority of said will, were duly made and reported to and ratified by an Orphans' Court in this State; provided, that an authenticated copy of the said last will and testament shall have been filed and recorded in the office of the register of wills of the county where the land lies; and provided, further, that full authority was given by said last will and testament to the executors to sell and convey said real estate."

We do not think there is any thing in this section which justifies the appellants' position—for it is apparent that the words "whose sales of real estate under the authority of said will were duly reported to and ratified by an Orphans' Court in this State," refer to sales of land made by domestic executors. And the meaning of this section of the Code is that, when foreign executors are fully authorized by will to sell land in this State, and they record an authenticated copy of the will in the office of the register of wills where the land lies, their deeds conveying such land shall be as valid and effectual as deeds made by domestic executors in pursuance of the provisions of the statute, (Code, Art. 93, section 282,) which requires domestic executors to report their sales of land for ratification to the Orphans' Court where they obtained letters.

Nor do the appellants themselves appear to base a contrary construction of this section so much upon the language therein used as upon what was said by the late Judge BRENT, in delivering the opinion of this Court in the case of *Norment, et al., Ex'rs vs. Brydon,* 44 *Md.,* 112. It is true, in that case the foreign executor reported his sale of land in Garrett County to the Orphans' Court of that county; but he failed to record an authenticated

copy of the will, as required by law, and it was held that "the failure so to do was fatal to the jurisdiction of the Orphans' Court."

It was not intended by this or any other language used in that opinion to say that such sales *must* be reported for ratification.

The question here presented was not passed upon in *Norment vs. Brydon,* and we all agree that the deed offered by the appellees to the appellants should have been accepted by them.

> *Decree affirmed, costs to be paid by appellees in accordance with agreement of parties.*