# Beaver County, Appellant, *v.* Central District & Printing Telegraph Company.

*Bridges—Telegraph companies—Use of bridge—Condemnation of bridge by county—Equity—Remedy at law.*

Where a bridge company has given to a telegraph company the right to lay its cables and wires across a bridge for an annual rental, and the bridge is subsequently condemned by the county in which it is located, the county cannot maintain a bill in equity against the telegraph company to compel it to remove its wires and cables, or pay a rental for the use of the bridge. In such a case the county has an adequate remedy at law.

Argued Oct. 23, 1907. Appeal, No. 102, Oct. T., 1907, by plaintiff, from decree of C. P. Beaver Co., June T., 1905, No. 7, dismissing bill in equity in case of Beaver County v. Central District & Printing Telegraph Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction.

The opinion of the Supreme Court states the case.

The court entered a decree dismissing the bill.

*Error assigned* was the decree of the court.

*Henry H. Wilson*, for appellant.—" Although a bridge is a highway, a highway is not necessarily a bridge. The terms are not convertible or synonymous :" Venango County v. Oil City St. Ry. Co., 3 Pa. Dist. Rep. 566. This is practically the common law of highways, such as roads and navigable streams. Individuals have a right of passage by the usual means of travel. For any other right they must wait the action of the legislature or the courts. So far the legislature has not altered the common law as to bridges in any way germane to the question before the court. Neither have the courts, except perhaps as to street car companies. Yet when courts held that street car companies had the right to enter and use bridges, it was justified on the grounds that street cars were an usual mode of travel, and that it was a right of the traveling public to cross a bridge on a street car. Also, this right was not given street car companies except upon the payment of an annual compensation to the owners of the bridge, whether the owner was a corporation or a county : Berks County v. Reading City Pass. Ry. Co., 167 Pa. 102 ; Delaware County, etc., Ry. Co. v. Philadelphia, 164 Pa. 457 ; Venango County v. Street Ry. Co., 3 Pa. Dist. Rep. 456 ; Lawrence County v. Street Ry. Co., 8 Pa. Superior Ct. 313 ; Pittsburg & West End Pass. Ry. Co. v. Point Bridge Co., 165 Pa. 37.

Telephone companies have not the right of eminent domain : Pennsylvania Telephone Co. v. Hoover, 209 Pa. 555. Even if a telephone company had the right of eminent domain it could not enter bridges unless such right as to bridges was expressly given. Property devoted to public uses is not subject to a second appropriation to such uses : Packer v. Sunbury & Erie R. R. Co., 19 Pa. 211.

Certainly, if a telephone company must first gain the consent of cities and boroughs to the use of streets, and if it is a doubtful question whether or not such company must first

gain the consent of township supervisors to the use and occupancy of township roads, there can be no doubt as to the necessity of the consent of the county commissioners before such company may enter and occupy a county bridge: Pfoutz v. Penna. Tel. Co., 24 Pa. Superior Ct. 105.

As the burden of maintaining a county bridge is on the county, so is the county also clothed with the powers necessary to enable it to regulate the public use of the bridge: Lawrence County v. Street Ry. Co., 8 Pa. Superior Ct. 313.

*William A. McConnel,* for appellee.—The bridge in question is a public highway: Pittsburg & West End Pass. Ry. Co. v. Point Bridge Co., 165 Pa. 37.

The bridge being a public highway, the defendant company under the act of 1874 has a right to occupy it provided only that it does not incommode the public use of said highway: People's Tel. & Tel. Co. v. Turnpike Road, 199 Pa. 411.

OPINION BY MR. JUSTICE POTTER, January 6, 1908:

On April 22, 1898, the Ohio River Bridge Company, which owned a toll bridge over the Ohio river, connecting the boroughs of Rochester and Monaca, Pa., entered into a contract with the Central District and Printing Telegraph Company by which it granted to the latter, for ten years from June 1, 1898, " the right and privilege of running, extending and laying over the bridge " such telephone cables and wires, with the necessary fixtures, as may be required by the party of the second part to carry on its business of furnishing telephone service between points on either side of the river. For this privilege the telegraph company agreed to pay $50.00 per annum and to furnish the bridge company with two telephones, to be located as specified in the agreement. In pursuance of this agreement the telephone cables, wires, etc., were laid across the bridge, and have since that time been used by the telegraph company for the purposes of its business.

On January 1, 1905, under condemnation proceedings in the court of quarter sessions, the bridge was taken over by the county of Beaver, and made a public bridge. Since that date the telegraph company has refused either to remove its telephone and telegraph lines from the bridge, or to pay anything to the county for the privilege of maintaining them there.

The county filed this bill in equity, alleging substantially the above facts and praying that the telegraph company be required either to remove its wires, cables, fixtures and attachments from the bridge or pay a reasonable rental or compensation for its use, and that it be enjoined from using the bridge until such rental or compensation be fixed by agreement with the county commissioners, or security given. Defendant demurred to the bill, but the demurrer was overruled, and an answer was filed admitting all the allegations of the bill, but denying that the defendant had wrongfully and without authority in law, operated and maintained its telephone wires over the bridge, and averring that plaintiff had an adequate remedy at law for any damage it may have sustained.

The trial judge held that the defendant company, under the 33d section of the Act of April 29, 1874, P. L. 73, has a right to use the public highway in the construction of its lines, and as a bridge is a part of the public highway, the defendant company has a right to use the same, subject, however, to such reasonable regulations as the proper officers of the county or municipality may impose. Upon exceptions to the findings, they were after argument overruled, and a final decree was entered, dismissing the bill, " without prejudice to the right of the plaintiff to institute proceedings at law to recover any damages to which the plaintiff may be entitled for the occupancy of the bridge of the plaintiff by said defendant," and directing defendant to pay the costs. This decree is the subject of the ninth assignment of error, which raises the only questions involved in the case.

These questions are two : (1) Whether the defendant company has the right to maintain and operate its wires, cables and other appliances upon the plaintiff's bridge without the consent of the latter, and (2) whether the plaintiff has an adequate remedy at law.

In Pennsylvania, bridges are treated as part of the highway, which is carried and supported by them. The law was pointed out, as well as the proper procedure under similar facts, in Berks County v. Reading City Pass. Ry. Co., 167 Pa. 102. Under such circumstances it was shown that the county owns the bridge, and maintains it for the comfort and convenience of the traveling public. It is liable for its proper con-

struction and safety as part of the highway. It cannot arbitrarily refuse the use of the bridge for purposes which have been lawfully authorized upon the highways. The county commissioners have, however, the right within reasonable limits to regulate the manner in which the bridge may be used, and may provide for its repair, and require a proper compensation by way of rental.

In People's Tel. & Tel. Co. v. Turnpike Road, 199 Pa. 411, we held that as a turnpike road when used by the public, is a public highway, under the act of April 29, 1874, a telephone company may locate and construct its line upon the highway, provided that it does not incommode the public use of the road. In the present case, the telegraph and telephone company laid its line upon the bridge under agreement with the corporation that was then the owner. It was rightfully upon the structure when it became a county bridge. We agree with the view taken by the trial judge, that as matters now stand, in case the defendant company refuses to pay a proper rental, the remedy is not in equity to enforce the removal of its lines of wire, cables and attachments, which were lawfully placed upon the bridge, but it is in the right of the plaintiff to bring an action at law to recover the damages for the use of the bridge during the time for which no compensation has been paid. We can see no difference in principle between the use made of the bridge by a street railway company, and that which is appropriated by the telephone company. Its wires, cables and appliances are carried upon, and supported by, the bridge structure, as long as its use is required. There should be no more difficulty in agreeing upon a fair rental now that the county is the owner of the bridge, than there was when it belonged to the Ohio River Bridge Company. In case of failure by the parties to agree upon proper terms it may be necessary to pursue the course indicated in Berks County v. Reading City Pass. Ry. Co., 167 Pa. 102; but at present, we see no reason to apprehend that the remedy of the county in its action at law, will not be adequate to secure proper compensation for the use of the bridge by the defendant company.

The appeal is dismissed, and the decree of the court below is affirmed.