# Monongahela Bridge Co. *v.* Pittsburgh Railways Co., Appellant.

*Municipalities—Street railways—Bridges—Use of bridge—Municipal consent—Rental—Set off.*

1. Where a municipality has acquired all the stock of a bridge company and a street railway is rightfully upon the bridge by and with the consent of the municipality, pursuant to an ordinance, and no rent has been made a condition of the consent, the municipality cannot thereafter exact rental; all it can do in such case is to require of the railway company a license fee in an amount reasonably sufficient to indemnify it for whatever cost and expense by way of repair, maintenance and supervision of the bridge it is called on to bear by reason of the extraordinary use to which the structure is subjected.

2. Where in such case the railway company had succeeded to the rights of another street railway company by merger, which latter company had obtained the consent of the city to use the bridge. upon condition that it would pay an annual rental of a specified sum, the railway company is not entitled to set off the amount so paid in an action to recover under the police power for the expenses of repairing, maintaining and supervising the bridge.

Mr. Justice Moschzisker dissents.

Argued Nov. 6, 1912. Appeal, No. 70, Oct. T., 1912, by defendant, from judgment of C. P. Allegheny Co.,

May T., 1909, No. 394, on verdict for plaintiff in case of Monongahela Bridge Company v. Pittsburgh Railways Company. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Assumpsit against a street railway company for the use and occupation of a bridge. Before EVANS, J.

At the trial it appeared that the facts were similar to those in Point Bridge Company v. Pittsburgh Railways Co., 240 Pa. 105. There was the additional fact that the defendant had succeeded to the rights of the Sycamore St. Railway Co. by merger, and that this company was required by ordinance to pay into the city treasury the sum of $2,400 per annum for the privilege of using the bridge.

Verdict and judgment for plaintiff for $54,907.51. Defendant appealed.

*Errors assigned* were various rulings on evidence and instructions.

*Edwin W. Smith,* of *Reed, Smith, Shaw & Beal,* for appellant.

*C. K. Robinson,* with him *C. A. O'Brien* and *C. E. Bown,* for appellee.

OPINION BY MR. JUSTICE STEWART, March 31, 1913:

This case is to be distinguished in a very few particulars from that of Point Bridge Company v. Pittsburgh Railways Company, 240 Pa. 105, in which the opinion has just been handed down. In this case, as in that, the City of Pittsburgh is the owner of all the stock in the bridge company, and has made the bridge free. The action was to recover from the railways company compensation for the use of the bridge from 1905 to 1908 at the rate of $15,000 for the years 1904 and 1905, and $25,000 for the one year 1908. The rights of

the defendant company in both cases are the same. The action does not rest on contract, but at most on an implied assumpsit. It was tried on a mistaken theory, as shown by the affirmance of the plaintiff's first and second points, which were as follows: "1st. Under all the evidence, the plaintiff is entitled to recover from the defendant company the fair and reasonable compensation for the use which the defendant company made of the plaintiff's bridge and approaches, from January 1st, 1904, to January, 1909, a period of five years." "2nd. You are to allow to the plaintiff a fair and reasonable compensation for the use which the defendant makes of the plaintiff's bridge and approaches, by way of rental, and in ascertaining this, you will consider the question both from the point of view of what the plaintiff is furnishing for the use of the defendant, and the use made thereof by the defendant."

These instructions are assigned as error. In the Point Bridge case we held that where a street railway is rightfully upon a bridge controlled by the municipality by and with the consent of the municipality pursuant to an ordinance, and no rent has been made a condition of the consent, the municipality cannot thereafter exact rental; that all that it can do in such case is to require of the railway company a license fee in amount reasonably sufficient to indemnify it for whatever cost and expense by way of repair, maintenance and supervision of the bridge it is called on to bear by reason of the extraordinary use to which the structure is subjected. In this case, as in the one referred to, much evidence was received, against exceptions, as to elements which would properly enter into the case had it been a question of rental value; and the case was submitted to the jury on this evidence to determine what was reasonably due from the defendant company to the city on this account. The error in that case was repeated in this, and the case for like reasons calls for reversal.

The defendant succeeded to the rights of the Syca-

more Street Railway by merger.  This latter company obtained the consent of the city to use the bridge on condition that it would pay an annual rental of $2,400 for the privilege.  It is quite enough to say in reply to appellant's contention that it should be credited in this action with what it has paid on this account, that the contention overlooks the distinction we have pointed out between enforcement of conditions annexed to the grant, and the exercise of police power.  These are wholly independent of each other, and the enforcement of the one interferes in no way with the exercise of the other.  For the reasons given above.

The judgment is reversed, and a venire facias de novo awarded.

DISSENTING OPINION BY MR. JUSTICE MOSCHZISKER:

For the reasons stated in an opinion this day filed in the case of Point Bridge Co. v. Pittsburgh Railways Co., 240 Pa. 105, I here dissent.