PHILLIPS LEE GOLDSBOROUGH, OVINGTON E. WELLER, IRA REMSEN AND WILLIAM BULLOCK CLARK ET AL., CONSTITUTING THE STATE ROADS COMMISSION OF MARYLAND, FOR AND ON BEHALF OF THE STATE OF MARYLAND,

*vs.*

THE POSTAL TELEGRAPH CABLE COMPANY, A CORPORATION.

*State Roads Commission: Quasi corporation; right to sue; rentals from telegraph company for use of bridge.*

The State Roads Commission, while not a corporate body in the full sense, is a *quasi* corporation, vested with powers of control and regulation over the public highways, and charged with the duty of administering and supervising that department of the State.                              p. 76

For all matters coming within the scope of their duties and obligations the State Roads Commission may sue and is liable to be sued.                              p. 76

When the State Roads Commission purchased a bridge from a bridge company, and had assigned to it the contracts and rights of said company, the commission may sue for and recover, on behalf of the State, the rentals due by a telegraph company, under a contract with a bridge company for stringing its cables and wires along said bridge.                              p. 77

*Decided May 1st, 1914.*

Appeal from the Superior Court of Baltimore City. (DAWKINS, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Burke, Thomas, Urner, Stockbridge and Constable, JJ.

*Leon E. Greenbaum,* for the appellants.

*Watson E. Sherwood* (with a brief by *Lemmon & Clotworthy*), for the appellee.

Constable, J., delivered the opinion of the Court.

This is an appeal by the State Roads Commission from a judgment rendered upon the sustaining of a demurrer, filed by the appellee to the declaration in a suit instituted by the appellants, for and on behalf of the State of Maryland.

The declaration is in the following language:

Phillips Lee Goldsborough, Ovington E. Weller, Ira Remsen, William Bullock Clark, Edward E. Goslin, Walter B. Miller and Andrew Ramsey, constituting the State Roads Commission of Maryland, for and on behalf of the State of Maryland, by Leon E. Greenbaum, their attorney, sue The Postal Telegraph Cable Company, a corporation.

For that on the 22nd day of August, in the year nineteen hundred and eleven, the Conowingo Bridge Company granted and conveyed to the State Roads Commission of Maryland, for and on behalf of the State of Maryland, in consideration of the sum of $88,000 a certain bridge in the State of Maryland over the Susquehanna River, and in said grant the right was expressly given to the State Roads Commission, for and on behalf of the State of Maryland, to collect any and all rentals and income accruing from the use of said bridge by the defendant, and that at said time and for a long number of years prior thereto the defendant had been using said bridge for the conveyance of wires thereover with the consent of the Conowingo Bridge Company, and had been paying the Conowingo Bridge Company rentals and income for the use thereof, which said rentals and tolls had amounted from the year

1906 to 1911 to the sum of $95.75 semi-annually in each year, for which amount bills were regularly sent by the Conowingo Bridge Company to the defendant and paid by the defendant up to and including the instalment due on the first of July, 1911, and for that since the 22nd day of August, 1911, said wires have remained on said bridge to the same number and in the same manner as theretofore and without any change in the arrangement between the parties as to the price to be paid or the use to be made by the defendant of said bridge, and that said use continued with the intention on the part of the plaintiffs that payments would be made of the same amount as had been paid to the Conowingo Bridge Company, but although bills have been sent and demand made by the plaintiffs for the instalments of $95.75 due on the first day of January, 1912, and on the first day of July, 1912, payment thereof has been refused and is still refused by the defendant, and the plaintiffs allege that the sum of $191.50 is due and owing at the present time by the defendant to the plaintiffs for the use of said bridge for its wires from the first day of July, 1911, to the first day of July, 1912.

And the plaintiffs claim $400.00.

The ground of the appellee's demurrer is based upon the provisions of Article 14 of the Declaration of Rights, wherein it is declared: "That no aid, charge, tax, burthen or fees ought to be rated or levied under any pretense, without the consent of the Legislature." It is not contended that the Legislature could not impose a charge for the use of a publc bridge by telegraph companies; indeed that is conceded, but it is denied, in the absence of legislative authority, that the Roads Commission has the power so to charge. That is a question about which much can be said on both sides, under the Act creating the State Roads Commission; but the declaration in the present case does not render the settlement of that question necessary for a determination of this particular case. We do not, therefore, deem it expedient, under this record, to go into the broad question as to what rights in

general the State Roads Commission can exercise over corporations using the public highways of the State, in carrying out their corporate purposes.   We will, therefore, confine ourselves to the inquiry, whether the allegations of this declaration warrant a recovery.

The suit was instituted in the names of the members constituting the board of the State Roads Commission "for and on behalf of the State of Maryland."   If then the State is entitled to money due for use of public roads, it was proper that the agency having charge and control of that department should bring suit in its behalf.   The Commission, by the terms of the Act creating it, was not in the full sense a corporate body, yet was a *quasi* corporation, vested with powers of control and regulation over the public highways, and charged with the duty of administering and supervising that department of the State.   For all matters coming within the scope of their duties and obligations they could therefore sue, and were liable to be sued.   See *O'Neal* v. *School Commissioners,* 27 Md. 227; *School Commissioners* v. *School Commissioners,* 35 Md. 201; *Clark* v. *Harford Agricultural Ass'n.,* 118 Md. 608; *France's Principles of Corporation Law* (2nd Ed.), 19 and 20; 28 *Cyc.* 128.

By Act of Assembly, 1910, Ch. 116, sect. 32P, p. 304, now section 48, Article 91 of Bagby's Code, the Commission was authorized and directed to acquire by purchase, condemnation or otherwise, the Conowingo bridge across the Susquehanna River, together with all land, roads, approaches, rights, franchises and easements belonging to any person or corporation, for the purpose of connecting the improved roads of Cecil and Harford Counties.   The *narr.* alleges that the bridge was acquired by purchase, and that in the deed of grant, the right was expressly given to the Commission to collect all rentals, for and on behalf of the State, accruing from the use of the bridge by the appellee.   It was further averred that the appellee, by virtue of a contract with the Conowingo Bridge Company, had been paying a certain annual rental

for the occupancy by its wires of said bridge; that this payment continued until the acquisition by the Commission of the bridge, and that, although the appellee continued to use the bridge as formerly, it had nevertheless refused to pay the plaintiff for said use since the day of acquisition. Even if we assume that under the Act creating the Commission there is no power given the Commission to impose rental charges upon new users of the public highways, what reason can there be for not permitting the charge to be made as the assignee of a private owner? There is no attempt under this *narr.* to enforce a new liability, but the enforcement of an old existing liability, founded upon contract, and which was acquired by the Commission as a part of the consideration of the purchase. Although it can be argued that the State never intended to authorize the charging for future privileges upon the public highways, can it be seriously contended that the Legislature, in contemplating large expenditures of money in the purchasing of private bridges and turnpikes, intended that those who were enjoying an exclusive occupancy of a portion of them, for a consideration, were to be relieved of that charge at the expense of the State? The wording of the Act shows that the Legislature knew that persons or corporations had certain rights, franchises and easements in this bridge to which the rights of the travelling public might be subject, for it authorized the Commission to acquire them. Can it be conceived that it intended to permit them to be still exercised, without being subject to whatever previous liability there might have been? It cannot be doubted but that, in fixing a price for its property, the bridge company took into consideration the value of this lease it had with the appellee and increased its price accordingly.

We are of the opinion that under the allegations of the *narr.* there is a liability, and that there was error in sustaining the demurrer.

*Judgment reversed and new trial awarded,*
*with costs to the appellant.*