# SUPERIOR COURT OF BALTIMORE CITY.

Filed April 24, 1918.

STATE ROADS COMMISSION

VS.

THE AMERICAN TELEPHONE AND TELEGRAPH COMPANY OF BALTIMORE CITY.

*Ogle Marbury* and *Philip B. Perlman*, Assistant Attorneys General, for the plaintiff.

*Shirley Carter* for the defendant.

DAWKINS, J.—

The facts in this case show that on September 3, 1889, an agreement was entered into between the Conowingo Bridge Company and the defendant company, by the terms of which the wires of the latter company were to be placed upon the bridge and in return for which the defendant was to pay certain rentals.

This agreement was renewed or extended from time to time to March 31, 1914, and at that time a further extension was agreed to be given to March 31, 1917, if the defendant should notify the bridge company of a desire on its part to have the contract so extended. During the period mentioned the Good Roads Commission came into existence. On August 22, 1911, the Conowingo Bridge Company conveyed to the plaintiff by deed all its right, title, interest and estate to the said bridge, subject to existing agreements, with the right to the plaintiff to collect any and all rentals and income accruing from the agreements mentioned in said deed. The defendant paid the rentals provided to be paid first to the bridge company and subsequently to the plaintiff up to and including March 31, 1914. Whilst the agreements have terminated the defendant has continued to use the bridge as heretofore, but has declined to pay any rental since the time named. Since said default, to wit, from April 1, 1914, to January 1, 1915, the unpaid rental amounts to $487.50. The defendant is a Maryland corporation, and as such corporation owns and maintains wires for its business on and along the roads and highways and across the bridges and waters of the State, under Article 21 of the Code of Public General Laws of the State of Maryland. It pays State, county and municipal taxes and public charges upon its properties.

The plaintiff contends that the defendant company should continue to pay a rental or compensation for the use of the said bridge equal to what is paid the bridge company and the State during the life of said agreement since the State took over the bridge succeeding to all of the rights of the bridge company, including this contract of rental. Hence, as it is no attempt to enforce a new liability, the only question is as to the reasonableness of the rental, it being contended that the rent is fixed and that there is no distinction between domestic and foreign corporations as to the right existing in the State to charge and collect rental for the use of the bridge.

The defendant claims that the State has no right to make any charge for

the use of the said bridge chiefly because under the provisions of Section 359 and Section 405 of Article 23 of the Code of Public General Laws of the State of Maryland, the defendant has a right to the free use of the bridge and besides the State has conferred no power upon the plaintiff Commission to make any such charges, and especially to a domestic corporation such as this defendant. Besides, it is contended that the plaintiff Commission has no right at all to fix charges for the use of the public highways; this contract having terminated, the State has no right to continue to collect. It is also claimed by the defendant that if the State has a right to charge at all that the charge now sought to be enforced is an unreasonable one.

When the case of Goldsborough et al. vs. The Postal Telegraph Cable Company was first heard in this Court in November, 1913, the Court believed that when the so-called Good Roads Commission laws were passed, the very grant of bridges made them a part of the great system of public roads or highways, and that since public loans were created to defray the costs of constructing the roads and maintaining them, which loans were levied upon the whole people with no power conferred to provide any tax or license for the use, occupation or rental of any part of the system, that practically the same contention now made by the defendant was a sound one, and in the opinion filed at that time, I gave expression to the views stated, and I further stated that "no grant from the bridge company could confer the power to collect the rental sought to be collected unless the power to collect was conferred upon the Commission by the legislature. * * * The system of public highways meant that the roads shall become the property of the State for the benefit of the whole people * * * and open for the use of all the citizens of the State."

But since those views were expressed the questions involved have been so fully discussed by the Court of Appeals in the hereinafter referred to cases, that notwithstanding the views above quoted save for the very able and ingenious argument of the counsel of the defendant there would seem to be but little doubt as to the interpretation of the law in this State by the last-mentioned Court.

Whatever may be said in the case of United Rwys. & Elect. Co. vs. State Roads Commission, 123 Md. 561, as to the right to charge for the use of public highways, it is certainly made clear in 123 Md. 73, Same Commission vs. Postal Telegraph Co., that "when the State Roads Commission purchased a bridge from a bridge company and had assigned to it the contracts and rights of said company, the Commission may sue for and recover on behalf of the State the rentals due by a telegraph company." Even if the Commission could not charge new users there can be no reason why it should not charge for an exclusive occupancy of a portion of the bridge for a consideration by one who was using it at the time the State took it over under the law, nor could there be any reason why it should be relieved of that charge at the expense of the State.

Any doubt as to the right of the plaintiff herein to recover on behalf of the State would seem to be entirely removed by the case in 127 Md. 244, this Commission vs. Postal Telegraph Co., wherein it is stated: "If the bridge company were still the owner there could be no question about its right to recover, and in our judgment there can be no doubt about the right of the State to recover."

Every phase of the question is so fully discussed in the 127 Md. case and in the cases there cited, that it would not seem profitable to further pursue the subject. I find no reason under the principles established in the cases cited or under the laws of Maryland governing the establishment of the road system to make any distinction between domestic and foreign corporations.

In the Case No. 108, October Term, 1917, C. & P. Telephone Co. vs. State Roads Commission (not yet published), the Court said that the State had not delegated to the State Roads Commission the requisite authority for the imposition of the charges to which the bill in that case referred which was filed in the attempt by the Commission to fix new charges for the use of the roads for its poles. I find nothing in that case inconsistent with the cases already cited as determining the principles governing the case now under discussion.

Without further discussion of the other cases it seems to me that the plaintiff is clearly entitled to recover.

The Court of Appeals has said in 127 Md. 255, that the amount that the company was paying was evidence of what was reasonable compensation for the use of the bridge. The amount now claimed is the same as was being paid at the time of the purchase. The only evidence outside of this fact of the reasonableness or unreasonableness of the payment which has been paid for 25 years is the comparison with the amount paid to the Pennsylvania Railroad Company for a somewhat similar use of its bridge by another telephone company. The testimony as to this was given by the attorney of the telephone company who was unable to give any special reason why the rental should be fixed at any certain figure. One bridge is twice as long as the other, the supports of the wires are different. The conditions are manifestly different affecting the two bridges. In one case there is a competing bridge, in the other there is none, etc. Under all the circumstances it seems to me the rental is reasonable. I have no more convincing data than the established rental for 25 years from which I can find for a different amount.

The plaintiff's prayers will be granted. The defendant's two prayers will be refused. The verdict is for the plaintiff for $487.50.