# AMERICAN TELEGRAPH & TELEPHONE CO. OF BALTIMORE.

## *vs.*

## STATE ROADS COMMISSION.

*Telegraph and telephone companies: no contract to prevent charges for use of State property.*

There is no contract between the State and the American Telegraph and Telephone Company that would be changed or impaired by recovery of compensation for the use of the Conowingo Bridge, and by such recovery no right of the company secured by either State or Federal Constitution is infringed.


*Decided February 11th, 1919.*

Appeal from the Superior Court of Baltimore City. (DAWKINS, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER and CONSTABLE, JJ.

*Shirley Carter* (with a brief by *Bernard Carter & Sons*), for the appellant.

*Philip B. Perlman, Assistant Attorney-General,* and *Ogle Marbury, Acting Attorney-General* (with whom was *Albert C. Ritchie, Attorney-General,* on the brief), for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This case was argued and submitted with that of the present appellee against the Chesapeake and Potomac Telephone Company, heretofore decided by this Court and to be reported in 133 Md. —

While the facts of this case, out of which the present controversy arose, are somewhat different from those in the *Chesapeake and Potomac Telephone Company Case,* it will be seen, that the principles of law by which we are to be guided, in its determination, have been discussed and considered by us, in several recent cases, in this Court. *State Roads Commission* v. *Postal Tel. Co.,* 123 Md. 73, and same case, in 127 Md. 244; *C. & P. Tel. Co.* v. *State Roads Com.,* 132 Md. 195; *C. & P. Tel. Co.* v. *State Roads Com., ante* p. 1.

The suit is brought by the State Roads Commission, on behalf of the State of Maryland against the American Telephone and Telegraph Company, a Maryland corporation, to recover compensation for the use and occupation of what is called the Conowingo bridge, now owned by the State, and crossing the Susquehanna River from Harford County to Cecil County, for its telephone poles and wires, from April 1st, 1914, to the 1st day of January, 1915.

The cause of action is set out in the declaration and sufficiently states the grounds relied upon by the plaintiff for a recovery as a proper basis for the suit. It is in substance a copy of the declaration, set out in full, in the opinion in 123 Md. 73, *supra,* in so far as it may be applicable to the facts of the case.

The questions of law, are presented, as in the case of *The C. & P. Tel. Co.* v. *The State Roads Commission, supra,* on a demurrer to the declaration and on an exception by the defendant to the granting of the plaintiff's prayer and to the refusal of the defendant's two prayers, offered at the conclusion of the testimony in the case.

The controlling facts of the case, are undisputed and are submitted in part, on an agreed statement of facts, set out in the record.

While many of the facts are stated in the former controversies on appeal to this Court where the present appellee was a party and hence those facts need not be repeated for the purposes of this decision. The essential ones, however, will appear to be as follows: The appellant is a corporation, duly incorporated, on the 19th day of March, 1889, under the provisions of Art. 23 of the Code, applicable to telephone and telegraph companies and has constructed and maintains telephone lines in the State, on and along the roads and highways and across the bridges and waters within the limits of the State to the extent of 321 miles, in length, under the powers of its charter.

On September 3, 1889, an agreement was made and executed between the Conowingo Bridge Company, of Conowingo, Cecil County, Md., and the defendant, by the terms of which the bridge company agreed to allow the wires of the defendant to be placed upon its bridge over the Susquehanna River, at Conowingo, Md., and the defendant agreed to pay therefor to the bridge company certain rentals therein set forth. The agreement was to continue for a term of three years from date and the defendant had the right of renewing the same upon giving notice to that effect 30 days before its expiration, which agreement was renewed in the same terms by the same parties on March 21, 1893, on March 31, 1896, and on March 31, 1899.

Subsequently, the contract was extended by various agreements so as to terminate on the 31st day of March, 1914, and it was agreed that a further extension to March 31, 1917, would be given the telephone company if on or before January 1, 1914, the defendant should notify the bridge company of a desire on its part to have the contract extended.

It also appears that on the 22nd day of August, 1911, the Conowingo Bridge Company, by deed duly executed, granted

and conveyed to the State Roads Commission, for and on behalf of the State of Maryland, in consideration of the sum of $88,000, all its right, title and interest in certain property including the bridge, over the Susquehanna River, with the right expressly given to collect any and all rentals and income accruing from the use of this bridge by the defendant.

The defendant paid these rentals and the income under the contract to the Bridge Company and to the plaintiff up to and including the 31st day of March, 1914, for the use of the bridge, the sum of $325, semi-annually in each year, and continued to pay as theretofore after the acquisition by the plaintiff of the bridge, the same amount, up to and including the 31st of March, 1914, and although it has failed to pay any further sum for its use, it has continued to use the bridge in the same manner as theretofore and is still continuing so to use it; that although demand has been made for the payments for the use thereof, and although the sum of $487.50 is due and owing at the present time, by the defendant for the use of the bridge for its wires, from the time stated in the declaration, the defendant has refused, and continues to refuse, to make payment therefor.

The grounds, upon which the appellant seeks a reversal of the judgment below, briefly stated are these: First, that by sections 359 and 405 of Article 23 of the Code, power is conferred upon telegraph and telephone companies of Maryland to construct a line or lines of telephone or telegraph upon highways or across any of the bridges or waters within the limits of the State by the erection of the necessary fixtures for sustaining the wires of such lines, and hence, the appellant has the right to the exclusive use of this State highway free of charge and compensation. Second, that as the State has not through the Legislature imposed a charge upon telephone companies for the use of the State highways, and has not conferred this power upon the State Roads Commission to do so, the Commission is not entitled to recover any compensation for the use of the bridge, and can not bring this suit.

As to the first defense relied upon by the defendant, it need only be said, that this proposition has been the subject of such full discussion by this Court, in previous decisions where the same contention was made and overruled, and it should not now be considered either as doubtful or an open question for further disputes.

In *Postal Tel. Co.* v. *State Roads Com.,* 127 Md. 244, and in the recent case of *C. & P. Tel. Co.* v. *State Roads Com.,* *ante* p. 1, it is distinctly held, that the section 359 of Art. 23 of the Code relied upon by the defendant, would not be an obstacle to recovery, and could not be construed to give the right to such a corporation to make special use of the State's property without compensation.

The conclusion reached by us in each of those cases is supported by authority recognized by this and the Supreme Court of the United States and it would be but useless repetition to restate the principles upon which those decisions were based.

The second proposition that the State has granted to telephone companies and therefore, to the defendant, the right to the exclusive use of the State highways free of compensation and that the State Roads Commission has no authority to recover compensation for the use of the State, for the defendant's use and occupation of the Conowingo bridge, under the facts of this case, we think is without merit and cannot be sustained.

It is admitted that the defendant paid the rentals to the Bridge Company, under the contract with it, and thereafter paid the rentals under the same contract to the State Roads Commission from the 22nd day of August, 1911, the date of the purchase of the property, including the bridge, down to the 31st day of March, 1914, when it alleges the contract between it and the bridge company ceased and terminated. It has, however, continued, since the 31st of March, 1914, to use the bridge in the same manner and to the same extent as before and is still continuing so to use it, but refuses to

pay reasonable and proper compensation for this use and occupation.

In *Postal Tel. Co.* v. *State Roads Com.,* 127 Md. 254, it is said, that it is generally held that the State is entitled to reasonable compensation for a special use of highways and public places, unless it is estopped by reason of the grant of some franchise or some contract which it cannot impair or change and no Court has been more emphatic in its approval of the doctrine than the Supreme Court of the United States, so long as the State has not interfered with foreign corporations or the ones subject to Federal control in its proper use of the public highways of the State.

In *Beaver County v. Beaver Valley Traction Co.,* 229 Pa. 565, the Supreme Court of Pennsylvania, in considering a similar contention, said, no effort had been made to defeat the defendant's right to use the bridge. The defendant never had the right to the free use of the bridge. The expiration of the contract did not leave the bridge free to the defendant, it simply changed the defendant's duty to pay a proper compensation from a contractual obligation to a common-law liability for use and occupation. *St. Louis* v. *Western U. Tel. Co.,* 148 U. S. 92; *Beaver Co.* v. *Telegraph Co.,* 219 Pa. 340.

Under the plaintiff's prayer the recovery was not based upon any express contractual relation existing between the plaintiff and the defendant, but that the plaintiff was entitled, upon the facts, to recover from the defendant reasonable compensation for such use and occupation of the bridge for the period since March 31, 1914, as asked for in the declaration in the case.

We do not think, since the decision of this Court, in 123 Md. 76, and 127 Md. 255, *supra,* it can be open to dispute, that if the State could recover, and we have held, that it could, the State Roads Commission, as an agency of the State, can maintain the suit on and behalf of the State. Act of 1908, Chapter 141; Act of 1910, Chapter 116.

The facts of the case of *C. & P. Tel. Co.* v. *State Roads Commission,* 132 Md. 194, relied upon by the appellant are dissimilar from those of this case.

In that case, we held, that the State had not delegated to the State Roads Commission the requisite authority for the imposition of the charges to which the bill referred, that is, for the laying and locating of certain new conduits and manholes in the Bel Air Road, one of the State's highways. There is nothing in that decision in conflict with the views we have expressed or the conclusion we have reached on the facts of this record.

Objection has been made by the defendant to the rejection of its two prayers. The first prayer was a demurrer to the evidence and in our view of the case, could not have been granted.

The second prayer was properly refused because under all the authorities, there was no such grant or contract between the State and the defendant that would be impaired or changed against any right of the defendant by the recovery of compensation for the use of the highway, in this case, and by so doing, it does not infringe upon any rights of the defendant secured by the State or Federal Constitutions.

Our conclusion upon the prayers necessarily disposes of the ruling upon the demurrer, as they present the same questions, and they need not be further considered.

We have carefully considered the very able argument of the appellant's counsel and have examined the authorities cited and relied upon in his brief, but are unable to concur in the conclusion reached by him.

With the views expressed, it follows that as we find no reversible error in the rulings of the Court, either on the demurrer or the prayers, and as we are of opinion, upon the undisputed facts of the case, that the plaintiff is entitled to recover, the judgment will be affirmed.

*Judgment affirmed, with costs.*