GEORGE L. HOPPER, Administrator, *v.* J. THOMAS C. HOPKINS, JR., et al.

[No. 60, January Term, 1932.]

*Decided April 28th, 1932.*

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*A. Freeborn Brown,* for the appellant.

*J. Glasgow Archer, Jr.,* with whom were *Tydings, Levy & Archer* on the brief, for the appellees.

Pattison, J., delivered the opinion of the Court.

George L. Hopper, the appellant, and one of the administrators of Peter Leslie Hopper, on October 13th, 1931, filed his petition against the appellees, J. Thomas C. Hopkins, Jr., and the Cecil National Bank, charging them with concealing certain assets of the estate of Peter Leslie Hopper, deceased. Accompanying the allegation of concealment of those assets is the statement or allegation, as shown by the third administration account passed by the court, that certain stocks, bonds, and securities, specifically named therein, belonging to the estate of Peter Leslie Hopper, deceased, were in the possession of the appellees.

These stocks, bonds, and securities, etc., as alleged in the petition, "had been placed in the possession of the appellees as collateral to certain loans." The petition then alleged that the petitioner had "requested and made demand" upon the appellees "for an accounting of said assets of said estate," but they had "wrongfully refused to render an accounting of the assets," and "are concealing and retaining the said property and assets * * * thereby depriving the said estate of assets properly belonging to it." The allegation that the

appellees are concealing and retaining the property and assets of the estate was made without any allegation that the loans, which it was alleged they were giving to secure, were ever paid, thereby entitling the petitioner to the return of those assets.

Upon the filing of the petition an order was passed on October 27th, 1931, citing the appellees to appear in court on or before the day named therein in answer to the petition, making a full disclosure of all stocks, bonds, securities, etc., in their possession belonging to the estate of Peter Lesley Hopper, deceased, and to show cause on or before the day named therein why they should not deliver to the appellant all of said stocks, bonds, and securities.

A demurrer and answer to the petition were filed by the appellees on December 8th, 1931, the ground of the demurrer being that the court was without jurisdiction to grant the relief prayed.

Among the reasons given therefor was that it is shown by the allegation of the petition that there was no concealment of the assets of the estate within the meaning of section 252 of article 93 of the Code of Public General Laws, giving to the orphans' court jurisdiction to grant the relief therein provided.

The answer in effect admitted that certain stocks, bonds, and securities had been placed with them as collateral to secure loans made to Peter Lesley Hopper, deceased, and averred that some of those bonds had been returned, others had been disposed of in connection with the payment in part of said loans, and some of them were now held as collateral for the amount still owing upon the loan. The answer set forth these facts with greater particularity than we have stated them, but we do not feel it necessary to go further than to state them as we have, as it would only prolong the opinion without serving any useful purpose.

Before any action was taken upon the demurrer, the appellant filed his second petition, in which he alleged the passage of the order upon the petition of October 18th, 1931, requiring the appellees to account for certain assets of the

estate which the appellees were charged with concealing. It is further alleged that on the 8th day of December, 1931, the appellees filed their joint demurrer to the petition and "also their answer with an account that in no sense meets the requirement or spirit of said order of court, nor does it give the administrators the information as to the assets belonging to said estate as set forth in said petition and affidavit, and required under said order of court." A motion was then made therein by which the court was asked "to overrule said demurrer * * * and to pass an additional order requiring said Cecil National Bank and J. Thomas C. Hopkins, Jr., * * * to show cause if any they have on or before December 22nd, 1931, why they should not be required to account for and turn over to the administrators of said Hopper's estate" the specific assets named therein, as well as in the original petition. On the 22nd day of December following, the court passed its order overruling the appellant's motion and sustaining the appellees' demurrer to his petition. It is from that order of the court that the appeal in this case is taken.

The petition was filed under section 252 of article 93 of the Code, which provides: "If an administrator shall believe that any person conceals any part of his decedent's estate he may file a petition in the orphans' court of the county in which he obtained administration, alleging such concealment, and the court shall compel an answer thereto on oath; and if satisfied upon an examination of the whole case that the party charged has concealed any part of the personal estate of the deceased, may order the delivery thereof to the administrator, and may enforce obedience to such order by attachment, imprisonment or sequestration, of property."

It is the contention of the appellees that the retention by them of the alleged assets of the estate, now held as collateral, to secure what remains unpaid of the loan, is not a concealment of assets within the meaning of the statute.

The jurisdiction of the court to proceed under the abovementioned section of the Code is founded exclusively on the allegation of concealment. *Taylor v. Bruscup,* 27 Md. 219.

Without such allegation, the orphans' court has no jurisdiction, but the charge of concealment does not confer jurisdiction upon the court where it is shown by other allegations of the petition that no concealment exists; nor has the court jurisdiction where the defendant by his answer admits possession of the assets, but sets up title in himself, for in all such cases there is no question of concealment to be passed on. *Linthicum v. Polk,* 93 Md. 84, 48 A. 842; *Gibson v. Cook,* 62 Md. 256. If there be no concealment or if the question of title is raised, the administrator can institute an action in one of the courts having jurisdiction over such controversy and have it regularly tried there. *Linthicum v. Polk, supra.*

Section 271, article 93 of the Code, especially provides that "the orphans' court shall not, under pretext of incidental power or constructive authority, exercise any jurisdiction not expressly conferred by law. * * *" It will thus be seen that the orphans' court is a court of limited and not general jurisdiction, and can only exercise such jurisdiction as has been expressly conferred upon it by statute. *Fowler v. Brady,* 110 Md. 204, 73 A. 15.

It was said by our predecessors in *Taylor v. Bruscup, supra:*

"The argument of the appellee, that the word 'conceal' is manifestly the synonym of withholding, is not sustained by any lexicographer we have consulted, or the popular sense of the term. Secrecy is an essential ingredient of the act of concealment. 'To hide or withhold from observation, to cover or keep from sight,' are the meanings technically and popularly conveyed by the word 'conceal'. It can scarcely be imagined that the extraordinary power of requiring an answer upon oath, with the summary process of attachment, sequestration and commitment, were to be exercised by a court of special limited jurisdiction in every case, in which the administrator or executor should allege a third person withheld property which belonged to the estate of the deceased.

"It was only in cases where concealment rendered the act *quasi* criminal, and the usual remedies at law or in equity, difficult or impossible, that this peculiar jurisdiction was granted to the orphans' courts."

The petition in this case, charging the appellees with concealment of the assets of the decedent's estate, accounts for the possession of those assets in the hands of the appellees by alleging they were placed there as collateral to a loan, with no allegation that the loan had been paid. Until paid, the assets specifically named are rightfully in the possession of the appellees, and their holding or retention of them is not a concealment within the meaning of the statute, as defined in *Taylor v. Bruscup, supra.* In it is not found the essential ingredient of secrecy, nor is it shown to have been the object of the appellees to hide or withhold them from observation or to cover or keep them from sight. Their holding was a lawful one which in no sense rendered such holding *quasi* criminal. The fact that they were not so held is disclosed by the allegations of the petition, but, independently of the allegations of the petition, the defendants' answer admits possession of the property and sets up their right to the possession of them.

In our opinion, the court was right in sustaining the demurrer to the petition and in overruling the appellant's motion requiring the appellees to account for and to turn over to the appellant said assets of the decedent's estate, as the court was shown to be without jurisdiction to grant the relief sought. The order appealed from will be affirmed.

*Order affirmed, with costs.*