CHARLES C. MARBURY, ADMINISTRATOR, *v.* W. VERNARD WARD, EXECUTOR.

[No. 19, October Term, 1932.]

*Decided November 16th, 1932.*

The cause was argued before BOND, C. J., URNER, AD-KINS, OFFUTT, DIGGES, and SLOAN, JJ.

*Charles C. Marbury,* for the appellant.

*Ogle Marbury,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

George V. Ward, a resident of Prince George's County, by his will bequeathed to his wife, Jessie G. Ward, for the term of her life, the sum of $8,000 in cash or securities to be selected by his executor, with power to her to sell and dispose of the same and reinvest the proceeds and to use the said principal sum or any part thereof for her needs; with the proviso that she should not use any of said principal sum in excess of $500 at any one time, or dispose of any security of the value of $500 or over, and invest or reinvest any amount in excess of $500, without the approval of his son, W. Vernard Ward. He bequeathed, after the death of his wife, said sum or any balance thereof that might be unexpended to his seven children, share and share alike. Pursuant to said provision of the will, the executor, W. Vernard Ward, selected forty-three shares of the stock of the Laurel Building Association, valued at $4,300, and ten shares of the stock of the Citizens' National Bank of Laurel, valued at $2,500, and $1,200 in cash, and distributed the same to the said Jessie G. Ward under the terms of said will, as shown by the first administration account. Of the $1,200 in cash the said executor, at the request of the said Jessie G. Ward, paid an insurance premium of $45.50, and the balance, $1,154.50, on April 5th, 1930, he deposited in the Citizens' National Bank of Laurel in a special account in the name of Jessie G. Ward, under the provisions of the will of George V. Ward, all of which deposit she withdrew by the following checks: May 3rd, 1930, $500, and $35; May 14th, 1930, $50; May 15th, 1930, $500; May 16th, 1930, $69.50. With the first check she opened a checking account in said bank in her own name, and she continued to use this ac-

count during the remainder of her life, adding to it and checking on it until at the time of her death the account showed a balance of $546.37. She deposited the $500 withdrawn on May 15th in a savings account in said bank in her own name; which account had been opened in the previous year with a deposit of over $5,000, and she continued said account up to the time of her death, making various deposits and withdrawals. At the time of her death this account showed a balance of $1,406.10. During the entire period from May 15th, 1930, to the day of her death, this savings account was always considerably in excess of $500. From time to time her checking account was replenished by withdrawals from the savings account. The above facts are alleged in the petition filed by the executor of George V. Ward in the Orphans' Court of Prince George's County in the matter of the estate of Jessie G. Ward, deceased. It is further alleged in said petition that, as it appears from the preceding allegations that the said Jessie G. Ward did not execute during her lifetime the power, given her in the will of George V. Ward, to use the principal of her bequest for her needs, as the same was represented by the said cash amounting to $1,000, so withdrawn by her as aforesaid, the said sum of $1,000 reverts and belongs to the estate of the said George V. Ward, and should be paid over to the petitioner, his executor, for distribution to the remaindermen, in accordance with the terms of said will; that the petitioner has made demand upon the administrators *pendente lite* of the estate of said Jessie G. Ward for the return of said sum of $1,000 which is not properly an asset of said estate, but the said administrators have refused to return the same. The prayer of the petition is for an order authorizing and directing said administrators to turn over and deliver to the petitioner said sum of $1,000. The administrators in their answer deny that their decedent did not need the amounts which she withdrew from the said special account, and that she did not execute the power given her in the will when she withdrew the money from the special account. In a supplemental answer they challenge the jurisdiction of the

court to decide the issue raised by the petition and answer, and pray for the dismissal of the petition.

After a hearing in which the will of George V. Ward and the bank account and checks were offered in evidence, the court passed an order directing the administrators *pendente lite* of the estate of Jessie G. Ward to pay over to the executor of George V. Ward the said sum of $1,000. This appeal is from that order, and raises two questions: (1) Had the orphans' court jurisdiction to decide the matter in controversy? (2) If the court had jurisdiction on the evidence submitted, was the fund in controversy properly awarded to the executor of George V. Ward?

As to the first question:

It is well settled that the orphans' court is a court of limited jurisdiction and has only such powers as are expressly given by statute, which do not include the right to decide between an executor and third parties. *Linthicum v. Polk,* 93 Md. 84, 48 A. 842; *Fowler v. Brady,* 110 Md. 208, 73 A. 15; *Pratt v. Hill,* 124 Md. 252, 92 A. 543; *Fulford v. Fulford,* 153 Md. 81, 137 A. 487; *Dulin, Admr., v. Talbot Bank,* 163 Md. 294, 162 A. 663, decided at the present term.

This is conceded by appellee, but he contends that he is not a third party because the controversy is between two estates both being administered in the court; that it is not a claim against the estate of Jessie G. Ward, but a question of what constitutes the assets of her estate. But even if that were the question (and this it is not necessary to decide) it would still be a question between two independent estates, the claimaint having no interest as an heir or distributee, or in any capacity other than as claimant. It would still be a question as to whether the title to the fund was in the estate of Jessie G. Ward or in that of George V. Ward, and would be the same question as if the claimant were an individual not under the jurisdiction of the court. The fact that the two estates are being administered in the court would not give the court jurisdiction of claims arising between them any more than the parties to one suit in a court of equity would be under the jurisdiction of that court in reference to matters

pending in the same court in another suit to which they were not parties.

The cases relied on by appellee are cases between parties interested in the administration of the particular estate as such, and claiming against each other or against a present or former administrator. In *Pole v. Simmons,* 45 Md. 246, and *Gallagher v. Martin,* 102 Md. 115, 62 A. 247, questions of ademption were involved. *Linthicum v. Polk,* 93 Md. 84, 48 A. 842, and *Pratt v. Hill,* 124 Md. 252, 92 A. 543, are cases of concealment of assets or incorrect returns in the inventories of administrators.

In *Anderson v. Curran,* 155 Md. 538, 142 A. 719, a former administrator whose letters had been revoked refused to deliver certain property to her successor, claiming it as her own. This court held that the jurisdiction of the orphans' court, under Code, art. 93, secs. 252, 253, 256, and 257, to compel an administrator, whose letters have been revoked, to render an account of, and deliver to the remaining or new administrator, the stocks, bonds, and other property in his hands, is not affected by the fact that such former administrator claims title to certain of the securities which are also claimed by the new administrator as belonging to the decedent's estate, because, when the letters of the former administrator were revoked, he was still in the court and under its jurisdiction for the purpose of a proceeding by the new administrator to compel him to account for assets which came into his hands. It will be noted that here the controversy was between parties under the jurisdiction of the court in the same estate, and not between two independent estates. We think the principle involved in this case is fully settled against the contention of the appellee by the cases first cited.

Having reached this conclusion, the second question is not properly before us for decision.

*Order reversed, with costs to appellant.*