ALFRED W. PHILLIPS *v.* M. CLARE M. GREEN,
EXECUTRIX

[No. 13, April Term, 1941.]

*Decided April 30th, 1941.*

584

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, and FORSYTHE, JJ.

*George B. Woelfel* for the appellant.

*M. Clare M. Green* and *Richard E. Langford* for the appellee.

JOHNSON, J., delivered the opinion of the Court.

This is an appeal from an order of the Orphans' Court for Anne Arundel County passed on January 7th, 1941, overruling and dismissing exceptions filed by Alfred W. Phillips to the allowance of certain items claimed by appellee in her first and final administration account filed in the estate of John L. Phillips.

Appellee has moved to dismiss the appeal for two reasons, first, because the items concerned are costs within the meaning of Code Article 93, Section 265, and therefore the Orphans' Court is clothed with the discretion under the statute in awarding them, hence no appeal lies from the exercise of such discretion; second, because the order of appeal from the action of the Orphans' Court was not taken within thirty days as provided by Code Article 5, Section 64. We will hereafter consider this motion, first stating the facts.

John L. Phillips, a resident of Anne Arundel County, died testate, his last will and testament was admitted to probate and letters testamentary were granted to M. Clare M. Green. Subsequently Alfred W. Phillips, a legatee and distributee, filed a caveat to the will, issues were framed and transmitted to a court of law for trial. The trial was held on September 30th, 1940, in the Circuit Court for Howard County, and the answers of the jurors

to the issues submitted resulted in sustaining the will. A certified copy of the docket entries, including the jury's answers to the issues and the amount of costs taxed in the trial court, was by the clerk thereof forwarded to the Orphans' Court for Anne Arundel County. It may here be stated that no objection has been made to the allowance of the costs taxed in the trial court, nor to the fact that the Orphans' Court awarded them against this appelant, caveator of the will, and it is conceded that in so doing the Court acted within its exclusive and discretionary powers from which no appeal will lie. Code Article 93, Section 265; *Browne v. Browne,* 22 Md. 103; *Bantz v. Bantz,* 52 Md. 686; *Johns v. Hodges,* 60 Md. 215; *Brown v. Johns,* 62 Md. 333; *French v. Washington County Home, etc.,* 115 Md. 309.

On November 12th, 1940, appellee filed in the Orphans' Court for Anne Arundel County a petition, in which *inter alia* she alleged that certain named persons attended the trial of the issues in Howard County at the instance of the defendant; that three of them gave testimony in the case, while nine others waived being summoned, but attended the trial to testify on behalf of appellee. In the petition is stated the distance which the potential witnesses lived from Ellicott City, and in one instance that was alleged to be three hundred miles.

It was also alleged in the petition of the Executrix that she was required to pay a renewal premium on her bond, because of the delay in the settlement of the estate, pending the trial of the issues. The part of the petition with which we are concerned prayed the court for an order directing the Executrix to deduct "expenses" to the persons characterized as "witnesses for the caveatee" from the distributive share of the caveator, and the court on November 12th, 1940, passed its order granting the request prayed, that is it attempted to authorize the Executrix to pay nine persons $3.50 each, a tenth $4.00, and eleventh $15.00, and $30.00 to a twelfth and $35.00 for the renewal premium on the bond. Accordingly the Executrix in her first and final account presented to the

court on November 26th, 1940, claimed allowances for such items, nothwithstanding that none of the potential witnesses mentioned had ever made known their presence to the Clerk of the Court for Howard County by proving their attendance at the trial, in accordance with the requirement of Code Article 35, Section 16, that: "There shall be allowed to each witness attending the circuit courts for the counties or orphans' courts of this State the sum of one dollar for each day such witness shall attend for the discharge of his duty, besides itinerant charges to be allowed to witnesses coming from other counties; provided, that every such witness shall obtain from the clerk of the court wherein he attended, or from the register of wills, if such attendance was before an orphans' court, a certificate or order showing the amount due him for such attendance, and by whom the same is payable, within thirty days after such attendance shall have been rendered; and the failure to apply for such certificate or order within said time shall be a waiver by the witness of all claim to compensation for such attendance."

According to appellee's petition filed in the Orphans' Court for the allowance of the sums previously mentioned, the trial of the issues was held in Howard County on September 30th, 1940, and since her petition was not filed until November 8th, following, it would follow that the parties referred to failed to prove their attendance in Howard County within the time specified by the above quoted statute.

The final account containing such allowances was passed by the court November 28th, 1940, and not only is there no showing that appellant was informed it would be presented, but it is as we understand it conceded that he had no notice either of its filing or ratification at the time. On December 24th, 1940, twenty-six days thereafter, appellant filed exceptions to the allowance of the sum of $35.00 for the renewal premium on bond and also to the sums allowed the various persons as witnesses who failed to prove their attendance at the trial of the

issues. His exceptions were dismissed by the court on January 7th, 1941, and two days later this appeal was taken.

The contention that the appeal must be dismissed, because not taken within thirty days from November 28th, 1940, the date of the original allowance, must fail. The administration account containing the allowances was passed without notice to appellant, and by reason of this circumstances he was entitled to attack the action of the Orphans' Court after becoming aware thereof, and inasmuch as he had no opportunity to object to the passage of the account in the first instance, he has a right after acquiring knowledge of its existence to attack it by instituting proceedings within the time limited for appeals, which is thirty days. *Edwards v. Bruce,* 8 Md. 387; *Redman v. Chance,* 32 Md. 42; *Rabe v. McAllister,* 177 Md. 97, at 108; *Hunter v. Baker,* 154 Md. 307, at 331; *Perrin v. Praeger, Exr., et al.,* 154 Md. 541, at 549.

Where exceptions are filed to an account in the Orphans' Court within thirty days after the exceptant acquired knowledge thereof, we think it clear an aggrived party has the right of an appeal within thirty days after the court's final action upon such exceptions, otherwise one could be deprived of his property without ever having his day in court. The case of *Culver v. Cooke et al.,* 133 Md. 683, cited by appellee as authority to the contrary will upon examination be found not in conflict with anything here said.

The Court is also of the opinion that the facts in the case relating to the questioned items are such as to make Section 265 of Article 93 inapplicable, for here we are dealing not with the power of the Orphans Court for Anne Arundel County to award costs, a matter concededly within their exclusive discretion, but the fundamental question is, are the items before us "costs" as the term is there used? That inquiry must, we feel, be answered in the negative, since obviously the costs incurred upon trial of the issues are determinable by the Circuit Court for Howard County, and since the proposed witnesses

failed to prove their attendance in that forum and had not proved such attendance within thirty days from the date of the trial claims to any fees for attendance are waived under the Code provision above quoted. It follows that the motion to dismiss the appeal must be overruled.

In discussing the motion to dismiss, we have necessarily dealt with the case to such an extent factually that further statement concerning it is unnecessary and there now remains only for consideration the propriety of the court's action (a) in allowing the items claimed for potential witnesses, and (b) the sum of $35.00 for renewal premium on appellee's bond.

In support of the allowance made by the Orphans' Court for the persons referred to by appellee as witnesses, it is urged that the order should not be disturbed, because of the presumption that the court acted correctly, but such presumption has no application, except as it relates to acts falling within the jurisdiction of the court. *State v. Talbot,* 148 Md. 70; *Jones v. Jones,* 41 Md. 354.

And it must be kept in mind that Orphans' Courts are courts of special and limited jurisdiction and cannot under any pretext exercise jurisdiction not expressly conferred by law. Code Article 93, Section 272; *Norment v. Bryden,* 44 Md. 112; *Baldwin v. Hopkins,* 171 Md. 97; *Greenhawk v. Quimby,* 168 Md. 396, and cases there cited.

No jurisdiction has been conferred upon the Orphans' Court to tax costs of another tribunal, and plainly in the situation presented this is exactly what has been attempted. No such power being lodged in the Orphans' Court, their action in this respect is plainly erroneous.

In our judgment no sufficient reason appears to justify a deduction from the amount due appellant the premium on appellee's renewal bond. Certainly the purpose of the bond is to protect the entire estate and those interested in it, of whom appellant was but one, and it does not follow that the estate would have in all events been closed within one year had appellant failed to caveat the will.

The premium, therefore, must be regarded as a debt due by the estate.

For errors on the part of the Orphans' Court (a) in allowing sums claimed by appellee for witnesses whose attendance at the trial of the issues in the Circuit Court for Howard County was neither proved, nor taxed, and (b) in the allowance to appellee of $35.00 for a renewal premium on her bond, both sums having been deducted from appellant's distributive share of the estate, the order appealed from must be reversed.

*Motion to dismiss appeal overruled; order appealed from reversed, and petition for the allowances to prospective witnesses dismissed, with costs to appellant to be paid out of the estate.*