ELIZABETH L. BARRETT *v.* HARPER R. CLARK,
ET AL.

[No. 25, October Term, 1947 (Adv.).]

*Decided July 8, 1947.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Samuel J. Fisher* and *Philip L. Sykes* for the appellant.

*Joseph T. Brennan,* with whom were *Brown & Brune* on the brief, for executors, appellees.

*Wilson K. Barnes,* with whom were *Carman, Anderson & Barnes* and *G. C. A. Anderson* on the brief, for Rosen and Brown, other appellees.

COLLINS, J., delivered the opinon of the Court.

A petition was filed in the Orphans' Court of Baltimore City on April 10, 1947, by Elizabeth L. Barrett, surviving widow of Arthur G. Barrett, alleging that her husband died testate on August 21, 1946, and that Letters Testamentary have been granted on his estate. She also made the following allegations. The deceased bequeathed to the petitioner, appellant here, one-sixth of his estate. After the death of Arthur G. Barrett, the appellant was informed of the existence of an alleged agreement between her and the deceased. She says that the contents of this alleged agreement, prior to the time when it was brought to her attention and when she was informed that it was recorded in the Superior Court of Baltimore City, were unknown to her. She filed in the Circuit Court of Baltimore City a bill of complaint, Petitioner's Exhibit No. 1, here, against the executors of her husband's will as defendants, stating that the alleged agreement of June 8, 1944, with her husband was fraudulently secured and praying that it be decreed null and void. She alleges that, according to the inventory filed, the total personal estate of her husband is $294,697.12. She claims that the amount of his estate is considerably larger than the inventory filed. She says that the entire amount of her estate at the time of her marriage to the deceased did not exceed $15,000. She alleges that she has been advised that, under the provisions of Code, Article 93, Section 314, 1943 Supplement, she will be barred of her legal share in the real and personal estate of her husban unless, within thirty days after the expiration of the notice to creditors, she transmits to the Orphans' Court or the Register of Wills of Baltimore City a written renunciation of the will of her said husband and of all claim to any devise or bequest made to her thereby.

The notice to creditors aforesaid expired on March, 27, 1947.

She further alleges that since the death of her husband she had been represented by an attorney of New York City, who has been in communication with the executors named in the will, in an effort to effectuate a settlement of her legal rights. At the time when these negotiations failed, the New York attorney became ill and has not recovered sufficiently to take charge of her case. She consulted, on February 28, 1947, Attorney Samuel J. Fisher, of Baltimore, whom she has retained to establish her legal rights. She says that Mr. Fisher has advised her of the provisions of Code, Article 93, Section 315, 1943 Supplement, Acts of 1943, Chapter 133, and that it is not possible to obtain a final adjudication of the issues raised in the bill of complaint aforesaid filed in the Circuit Court of Baltimore City within thirty days after March 27, 1947. She alleges that should the Circuit Court of Baltimore City decree that the alleged agreement of June 8, 1944, is null and void, then it will be to her advantage to renounce the will of her husband. However, should the Circuit Court of Baltimore City decree adverse to her contention in said equity proceedings, such renunciation may prevent her from receiving any part of her husband's estate.

She prayed in her petition to the Orphans' Court of Baltimore City that the Court enlarge the time within which she may renounce and quit claim any and all bequests or devises in her husband's will for a further period of six months as provided by Article 93, Section 315, 1943 Supplement of the Maryland Code, *supra*.

An Order *Nisi* was passed on this petition by the Orphans' Court of Baltimore City. Answers were filed by the executors of her husband's will and by two of the daughters of the deceased, named in his will. These answers, among other things, stated that there is doubt whether the Orphans' Court of Baltimore City had legal authority to extend the time within which the petitioner, Elizabeth L. Barrett, must elect to accept or renounce

the provisions of the will of the said Arthur G. Barrett, deceased, as provided by Article 93, Section 314, of the 1943 Supplement of the Code, and submitted the matter for the determination of the Orphans' Court. After hearing on the petition and answers, the Orphan's Court filed an order on April 25, 1947, that, being of opinion that that Court was without jurisdiction to enlarge the time for filing the renunciation as prayed, the petition filed on April 10, 1947, be dismissed. From that order the appellant appeals to this Court.

The appellees claim that because the time for filing the renunciation in this case expired on April 26, 1947, it would now be impossible for the Orphans' Court of Baltimore City to pass an order before the expiration of that time, whatever disposition is made of the case by this Court, and therefore the question before us is moot. We do not agree with this contention of the appellees. If we find that such action of the Orphans' Court of Baltimore City should be reversed and send the case back for the passage of a correct order, we would not hold that we could not order the Orphans' Court to later correct that order, because the original time for filing had expired before this Court decided the case.

By the Acts of 1924, Chapter 223, Article 93, Section 311 of the 1924 Code, a surviving husband or widow was permitted to file renunciation only within six months after the probate of the will. By Chapter 142, of the Acts of 1941, Article 93, Section 314 of the 1943 Supplement of the Code, an amendment was made to permit the renunciation to be made until thirty days after the expiration of the notice to creditors. Code, Article 93, Section 314, Chapter 128 of the Acts of 1943, now provides in part as follows:

"314. A surviving husband or widow shall be barred of his or her right of dower in land or share in land or share in the personal estate by any such devise or bequest, unless within thirty days (30) after the expiration of the notice to creditors in the wife's or husband's estate, as the case may be, he or she shall deliver or transmit to

the Court or Register of Wills where administration has been granted a written renunciation in substantially the following form or to the following effect:"

An Act was passed by the Legislature at the 1933 Session, Chapter 588, now Article 93, Section 315, 1939 Code, which follows:

"An Act to add a new section to Article 93 of the Annotated Code of Public General Laws of Maryland, Edition of 1924, the said new section to follow immediately after Section 311 of said Article, sub-title 'Widows,' and to be known as 311A, providing for the execution of renunciation on behalf of an infant or the person incompetent to execute such renunciation, and providing for a further period of time for the filing of such renunciation.

"Section 1. *Be it enacted by the General Assembly of Maryland,* That a new section be, and the same is hereby added to Article 93 of the Annotated Code of Public General Laws of Maryland, Edition of 1924, entitled 'Testamentary Law,' sub-title 'Widows,' said new section to follow immediately after Section 311 of said Article, to be known as Section 311A, and to read as follows:

"311A. The renunciation as provided in Section 311, be made by the guardian of an infant spouse, when authorized so to do by the Court having jurisdiction of the infant's estate, or may be made on behalf of an incompetent when authorized by the equity court having jurisdiction of the person of said incompetent. The time to make such renunciation may be enlarged before its expiration by an order of the Orphans' Court where such will was probated for a further period of not exceeding six months upon any one application, upon a petition showing reasonable cause and on notice given to such persons and in such manner as the Orphans' Court may direct.

"Approved April 21, 1933."

It will be noted that after "Section 311" in 311A, *supra,* the word "may" is missing. By the Act of 1943, Chapter 133, Article 93, Section 315, of the 1939 Code, *supra,* was repealed and re-enacted and the missing word

"may" was supplied so that Article 93, Section 315, of the 1943 Supplement of the Code, now provides:

"315. The renunciation as provided in Section 314 may be made by the guardian of an infant spouse, when authorized so to do by the Court having jurisdiction of the infant's estate, or may be made on behalf of an incompetent when authorized by the equity court having jurisdiction of the person of said incompetent. The time to make *such renunciation* may be enlarged before its expiration of an order of the Orphans' Court where such will was probated for a further period of not exceeding six months upon any one application, upon a petition showing reasonable cause and on notice given to such persons and in such manner as the Orphans' Court may direct." (Italics supplied.)

The question for our decision is whether the Orphans' Court, under the provisions of Article 93, Section 315, *supra*, has the jurisdiction to extend the time for the filing of a renunciation by a widow beyond thirty days after the expiration of the notice to creditors. The question is further narrowed as to whether "such renunciation" in Section 315, *supra*, is confined to the renunciation to "be made by the guardian of an infant spouse" and "on behalf of an incompetent when authorized by the equity court having jurisdiction of the person of said incompetent," or whether it extends to "a surviving husband or widow" generally, as in Section 314, *supra*.

The right of a surviving husband or widow to renounce the will under the laws of this State has always been strictly construed by this Court. *Collins v. Carman,* 5 Md. 503; *Kernan v. Carter,* 132 Md. 577, 104 A. 530; *Bish v. Bish,* 181 Md. 621, 31 A. 2d 348. It is not within the province of this Court to decide what provisions should be made for extending the time for filing of such renunciation, or to decide whether the time should be extended. It is only within our province to interpret what the Legislature intended by the Act as passed. It was said by this Court in the very recent case of *Schmeizl v. Schmeizl,* 186 Md. 371, 46 A. 2d 619, at page 621;

"* * * the doctrine giving the judge power to mould the statute in accordance with his notions of justice has no place in our law. We follow the fundamental rule that a Court is not at liberty to surmise a legislative intention contrary to the letter of the statute, or to indulge in the license of inserting or omitting words with the view of making the statute express an intention which is not evidenced in the original form. A statute should be construed according to the ordinary and natural import of its language, unless a different meaning is clearly indicated by the context, without resorting to subtle or forced interpretation for the purpose of extending or limiting its operation."

In the opinion of this Court, the words "such renunciation" used in Section 315, *supra,* applies to the renunciation created by that Section only; that is, the renunciation to "be made by the guardian of an infant spouse" or "on behalf of an incompetent when authorized by the equity court having jurisdiction of the person of said incompetent." The simple answer to appellant's contention is that, if the intention of the Legislature was to make the extension of time apply generally to all widows, the ordinary and natural procedure to be followed would have been to repeal Section 311, now Section 314, and re-enact it and provide in that Section for power in the Orphans' Court to enlarge the time for the renunciation. When that Section was amended in 1941 by Chapter 142 and the time for renunciation changed from six months after the probate of the will to until "thirty days (30) after the expiration of the notice to creditors," that procedure was followed.

In enacting Section 311A, by Chapter 588 of the Acts of 1933, now Section 315, the Legislature gave the power of renunciation to persons other than the surviving husband or widow personally, to which class it had been previously strictly confined. *Collins v. Carman, supra; Kernan v. Carter, supra.* When this power was extended to these other persons, the time for the renunciation was enlarged, upon proper cause shown, to those new persons.

This is the ordinary and natural import of the language used. The power of the Orphans' Court in this State has always been held to be special and limited, and the jurisdiction of that Court is only such as is expressly conferred by law. It was said by this Court in the case of *Phillips v. Green,* 179 Md. 583, at page 588, 19 A. 2d 839, at page 841: "And it must be kept in mind that Orphans' Courts are courts of special and limited jurisdiction and cannot under any pretext exercise jurisdiction not expressly conferred by law. Code, Article 93, Section 272; *Norment v. Brydon,* 44 Md. 112; *Baldwin v. Hopkins,* 171 Md. 97, 187 A. 884; *Greenhawk v. Quimby,* 168 Md. 396, 177 A. 537, and cases there cited."

If the Legislature had intended the words "such renunciation" to mean "all renunciations," as contended by the appellant, it would seem that appropriate language would have been used to indicate such an intention. Furthermore, it has been usual in limitation statutes to extend the time for infants and incompetents beyond that allowed for other persons. Code, Article 57, Section 2. It is entirely possible that those persons closest to an infant or an incompetent might not learn of the probate of a will until long after its probate. On the other hand, such a contingency is hardly likely in a surviving spouse who is *sui juris.* This might well have been the intention of the Legislature in extending the time only to the guardian of an infant spouse and on behalf of an incompetent.

It has always been the policy of the law that estates should be administered and closed as soon as reasonably possible. It was said by this Court in the case of *Collins v. Carman, supra,* 5 Md. at page 534: "The law has been vigilant in endeavoring to avoid delay as far as practicable, and to secure a prompt adjustment of claims to property." The members of the General Assembly may have thought that an Act giving the power to the Orphans' Courts of this State, generally, upon reasonable cause shown, to extend the time to the surviving husband

or widow, generally, to file the renunciation, might lead to much delay and litigation in the settlement of estates.

The appellant strongly contends that because the wording of the Maryland Statute is practically the same as the New York Statute (Thompson's Laws of New York, Part 1, Decedent Estate Law, pages 656 and 657, Consol. Laws, c. 13, Section 18, paragraph 7), and there is no question that in New York the extension applies to all surviving spouses, infants, incompetents, and those who are *sui juris*, that the same interpretation should be given to Section 315, *supra*. The New York Statute, Section 18, *supra*, is headed: "Section 18. Election by surviving spouse against or in absence of testamentary provision." This Section is sub-divided in Paragraphs 1, 1 (a), 1 (b), 1 (c), 1 (d), 1 (e), 1 (f), 1 (g), 1 (h), 2, 3, 4, 5, 6, 7, 8 and 9. The provision giving the power to enlarge the time for the filing of the renunciation is found in Paragraph 7, of Section 18, which begins with the words: "An election made under *this section* shall be * * *" (Italics supplied), and therefore clearly applies to Section 18 in general. We cannot see the force of this argument when the Maryland Legislature did not provide for this enlargement of time in Section 314, and where the enlargement of the time for renunciation is placed in an entirely different section of the Code, which grants the right to file renunciation to persons not before entitled. As hereinbefore stated, such is not the ordinary and natural procedure.

The argument is made that the report of the Land Commission of the Maryland State Bar Association in Volume 37, page 60, in 1932, shows that this Commission recommended "enlargement of time for filing of renunciation in reasonable cases." In fact, this Commission recommended a: "New Section added to Art. 93, Section 311, as follows: Provides for renunciation by guardian of infant spouse on or behalf of incompetent spouse, also provides for enlargement of time for filing of renunciation in reasonable cases." It is pertinent to note that this recommendation was for a new section and a

new section was created by the Legislature. It is reasonable to assume that, if the members of that Commission had intended that the enlargement of the time for renunciation should apply to surviving husbands or widows generally, they would have recommended a repeal and re-enactment of Article 93, then Section 311, rather than have a new section added to the Code.

Article 3, Section 29, of the Constitution of Maryland, provides as follows:

"The style of all laws of this State shall be, 'Be it enacted by the General Assembly of Maryland,' and all laws shall be passed by original bill; and every law enacted by the General Assembly shall embrace but one subject, and that shall be described in its title; and no law, or section of law, shall be revived or amended by reference to its title or section only; nor shall any law be construed by reason of its title to grant powers or confer rights which are not expressly contained in the body of the Act; and it shall be the duty of the General Assembly, in amending any article or section of the Code of Laws of this State, to enact the same as the said article or section would read when amended. And whenever the General Assembly shall enact any Public General Law, not amendatory of any section or article in the said Code, it shall be the duty of the General Assembly to enact the same, in articles and sections, in the same manner as the Code is arranged, and to provide for the publication of all additions and alterations which may be made to the said Code."

The titling to Section 311A, now Section 315, as hereinbefore set out, is "providing for the execution of renunciation on behalf of an infant or the person incompetent to execute such renunciation, and providing for a further period of time for the filing of such renunciation." The ordinary and natural import of this language in the titling is that the provision for a further period of time for filing of such renunciation applies to the renunciation on behalf of an infant or incompetent person.

There is nothing in this title which relates back to Section 311, now Section 314. The titling clearly states that the Act is to be a new section to follow immediately after Section 311, now Section 314. A statute can be given no more extended operation than that explained in the title. *Eisler v. Eastern States Corp.*, 186 Md. 251, 46 A. 2d 630, 632; *Painter v. Mattfeldt*, 119 Md. 466, 474, 87 A. 413. This Court has frequently held that the title must be sufficiently clear and comprehensive to reasonably cover the provisions of the statute. No member of the Legislature, in reading the title of this Act, would know that the further period of time for filing a renunciation related to Section 311, now Section 314, and applied to all surviving husbands or widows, generally, as covered by Section 314. If, as contended by the appellees, we were to hold that this Act provided for renunciation on behalf of an infant and incompetent person and also provided for a further period of time for renunciation by surviving husbands or widows, generally, as provided by Section 314, we would be embodying in the Act provisions not covered by the title and the Act would therefore be unconstitutional. *Mayor and City Council of Baltimore v. Deegan*, 163 Md. 234, 238, 161 A. 282; Weber v. Probey, 125 Md. 544, 553, 94 A. 162. By such an interpretation, the title of the Act would be misleading. *State v. King*, 124 Md. 491, 498, 92 A. 1041.

It was said by this Court in the case of *State v. Petrushansky*, 183 Md. 67, at page 70, 36 A. 2d 533, at page 535: "There is, of course, a well-known rule that where there are two possible constructions, and one of them makes a statute of doubtful constitutionality, courts will adopt that view of the enactment which establishes it free of fundamental objections."

We must therefore conclude that the order of the Orphans' Court, in holding that it was without jurisdiction to enlarge the time for filing the renunciation in this case and dismissing the petition of April 10, 1947, be affirmed.

*Order affirmed, costs to be paid by the Estate of Arthur G. Barrett.*

MARBURY, C. J., and DELAPLAINE, J., dissent.

MARBURY, C. J., filed the following dissenting opinion:

Arthur G. Barrett, husband of appellant, died August 21, 1946, testate. By his will he left appellant one-sixth of his estate. The other five-sixths were left to his daughter and granddaughter, his descendants by a first wife.

There has been on record in the Superior Court of Baltimore City since November 1, 1944, what on its face appears to be an ante-nuptial agreement between the appellant (then Elizabeth Lubore) and Arthur G. Barrett. In this paper it is stated that the parties are about to be married and each agree to waive all dower and inheritance rights in the property of the other. This agreement is dated June 8, 1944, and is acknowledged the same day. The parties were married June 2, 1944.

On March 31, 1947, appellant filed her bill of complaint in the Circuit Court of Baltimore City, alleging that this agreement was obtained by fraud, that she signed it after her marriage, that she did not know the nature of its provisions, and did not find out about it until after the death of her husband. She asked that it be declared null and void and vacated and set aside.

On April 10, 1947, appellant filed a petition in the Orphans' Court of Baltimore City, where her husband's estate was being administered. In this petition she states that the inventory filed by the executors shows a total personal estate of $294,697.12. She further alleges that notice to creditors in the estate expired on March 27, 1947, and that under Section 314 of Article 93 of the Code she will be barred of her legal share in the real and personal estate of her husband unless, within thirty days after the expiration of the notice to creditors, she delivers to the court or the Register of Wills a written renunciation of the will of her husband. She says that since the death of her husband, she has been represented by a member of the New York City bar who has been in communication with the executors and the other legatees named in the will in an effort to effectuate a settlement of her legal rights without litigation. These negotiations

failed, her New York counsel became ill and has not yet recovered, and she first consulted with her present counsel in Baltimore on February 28, 1947. She is advised that she cannot obtain a final adjudication of the issues raised in her bill of complaint within thirty days after March 27, 1947. She, therefore, asks an extension of time within which to file her renunciation of the bequests and devises to her in the will of her husband. This she claims can be granted by the Orphans' Court under Section 315 of Article 93 of the Code.

The executors and the other legatees, appellees here, answered on April 21, 1947, challenging the power of the Court to grant an extension, and denying that the case presented justified such an extension, if the power existed. On April 25, 1947, one day prior to thirty days after the expiration of the notice to creditors, the Orphans' Court filed an order dismissing appellant's petition. The reason for this action is found in the order where it is stated "the Court being of the opinion that it is without jurisdiction to enlarge the time for filing a renunciation as prayed."

The question before us, therefore, is the proper construction of Section 315 of Article 93. This question is clearly not moot as contended by the appellees, because the court's action on April 25, 1947, was before the expiration of the time within which it must act (if it can act at all). If we find such action erroneous, we can reverse the order, and send the case back for the passage of a correct order. If the Orphans' Court acted incorrectly *in time,* it would be a travesty to hold that we could not order it to act correctly later, merely because the original time limit had expired before the case reached this Court and we could hear and decide it. When the Orphans' Court acted within the time limit, the statute, in this respect, was satisfied.

Section 315 of Article 93 was first enacted by Chapter 588 of the Acts of 1933. At that time the numbering of the sections of Article 93 was different from that existing at present. The Act, according to its title, added a

new section to the Article to follow immediately after Section 311 (now Section 314), sub-title "Widows," to be known as Section 311A, "providing for the execution of renunciation on behalf of an infant or the person incompetent to execute *such* renunciation, and providing for a further period of time for the filing of *such* renunciation." (Italics supplied.)

The section as thus enacted by Chapter 588 reads as follows:

"311A. The renunciation as provided in Section 311, be made by the guardian of an infant spouse, when authorized so to do by the Court having jurisdiction of the infant's estate, or may be made on behalf of an incompetent when authorized by the equity court having jurisdiction of the person of said incompetent. The time to make such renunciation may be enlarged before its expiration by an order of the Orphans' Court where such will was probated for a further period of not exeeding six months upon any one application, upon a petition showing reasonable cause and on notice given to such persons and in such manner as the Orphans' Court may direct."

When this Section 311A was codified in the 1939 Code as Section 315 of Article 93, it was noted that the word "may" had been omitted at the end of the first line. Annotated Code, 1939, Vol. 2, p. 3484, Note 1. This was corrected by the passage of Chapter 133 of the Acts of 1943 which repealed and re-enacted with amendments Section 315 of Article 93 "to correct an error in said section."

At the time of the first enactment of the section in 1933, the preceding section (then Section 311) permitted renunciation to be filed only within six months after the date of probate of the will. This was amended by Chapter 142 of the Acts of 1941 to permit the renunciation to be made until thirty days after the expiration of the notice to creditors. It is fairly evident that this amendment was made to enable the widow (or widower) to have a clearer picture of the value of the estate before

making a determination. Six months after probate there might still be time for claims to be filed, reducing the net value of the estate. Thirty days after the notice to creditors expired, the net value could be more accurately determined, and the surviving spouse would have more accurate facts upon which to make the decision permitted by the statute. There is nothing in this amendment which would help a widow in the predicament of appellant.

The contention was made by the appellees (and upheld by the Orphans' Court) that the extension allowed by Section 315 applied only to renunciations to be made by guardians of infants or by those appointed by equity courts having jurisdiction of the persons of incompetents. As the appellant is neither an infant nor an incompetent, they claim that the Legislature did not give the Orphans' Court power to enlarge the time given her by Section 314, but that she must make her election within the thirty days after the expiration of the notice to creditors, as provided by that section. This contention they base upon the language used in the title of the Act of 1933 and in the body of the section. They claim any other construction would cause the Act of 1933 to violate Article 3, Section 29 of the Constitution, which requires every law to embrace but one subject. They also argue that as Article 93, Section 314, has always been strictly construed by this Court, we should not now depart from that point of view. In this connection, they cite *Collins v. Carman,* 1854, 5 Md. 503; *Kernan v. Carter,* 1918, 132 Md. 577, 104 A. 530; *Bish v. Bish,* 1943, 181 Md. 621, 31 A. 2d 348.

An examination of the words of Section 315 discloses that, so far as grammatical construction is concerned, "such renunciation" may mean either "The renunciation as provided in Section 314" or it may mean that renunciation then for the first time permitted to guardians of infants and incompetents. It has not been unusual in limitation statutes to extend them for infants and incompetents for a period after the disabilty is removed.

But that is not the method adopted here, if that is what the Legislature meant. The renunciation is not to wait until the infant or incompetent has become *sui juris*. It is to be made by others for those disqualified to make it for themselves. It is difficult to assign any good reason why a guardian or a committee should have six months more time (with the possibility of other six month's extensions) to determine whether it is better for the ward to take under a will or not. Relieved of personal feelings which might (and probably in most cases would) affect the choice of the widow or the widower, a personal representative should be able to look at the interest of the ward impartially and to decide more quickly. As the necessity of the appointment of such a guardian or committee would be seen at once this would cause no appreciable delay. Certainly not six months.

The title of Chapter 588 uses the words "such renunciation" twice. The first time the words clearly refer to the general renunciation provided in the preceding section of Article 93. The second time, it would seem to be reasonable to assume that they were used in the same sense as they were twelve words before. However, they could have been used in the more restrictive sense. Courts should not base the construction of statutes on refinements of grammar or punctuation or of correct sentence structure if reasons exist for a different construction. In the case before us there are other considerations which weigh more heavily in favor of the appellant's construction.

The bill enacting Section 315 (then 311A) was sponsored (and probably drawn) by a State Commission of lawyers appointed by the Governor. This Commission reported its efforts to the Maryland State Bar Association. In the Reports of the Association, Vol. 37, page 60, the Commission stated that this law provides "for renunciation by guardian of infant spouse or on behalf of incompetent spouses, *also provides for enlargement of time for filing of renunciation in reasonable cases.*" (Italics supplied.) This wording indicates that the Com-

mission did not think the provision for enlargement applied only to infants or incompetents.

It may be noted that the same interpretation is given to the law in the syllabus on "Administration of Estates" printed in February, 1946, in connection with the Veterans Refresher Course of the State, City and Junior Bar Associations.

The Model Probate Code prepared by a Section of the American Bar Association provides for an extension of time if litigation is pending, which would affect the share to be received by the surviving spouse. This Code is, of course, not in force in Maryland. It is pertinent only to show that the necessity of an extension in cases other than those of infants or incompetents has been recognized by lawyers in all parts of the country.

The wording in the Maryland statute is practically identical with that in the New York statute (Thompson's Laws of New York, Pt. 1, Decedent Estate Law, p. 657, Sec. 18, par. 7). The New York statute places the extension provision in a separate paragraph, after first providing generally for renunciations. There can be no question that, in New York, the extension applies to all surviving spouses, those who are infants, those who are incompetent and those who are *sui juris*. When we import a statute from another jurisdiction, and that statute has a definite meaning there, the meaning comes with it, and becomes a part of our law. *Lavender v. Rosenheim,* 110 Md. 150, 72 A. 669, 132 Am. St. Rep. 420; *Saunders v. Maryland Unemployment Compensation Board,* 188 Md. 677, 53 A. 2d 579. The meaning might change if there is a clear indication that such change is intended, but a change in the location of the words in the statute would hardly be such an indication.

From all these considerations, it is concluded that the Legislature meant to give power to the Orphan's Courts, upon a showing of reasonable cause, to enlarge the time to renounce for all spouses for periods not exceeding six months upon any one application. This conclusion does not depart from the previous strict construction (if it may

properly be so denominated) of the renunciation sections of the law. It, in effect, reaffirms the necessity of complying with them strictly, unless such an enlargement as that provided by the Legislature is obtained. Nor does this construction make the statute of doubtful constitutionality. The title states the act provides for two things in connection with renunciation. That is not two subjects. It is only two parts of one subject. And the subsequent repeal and re-enactment by Chapter 133 of the Acts of 1943 was made in strict and literal compliance with the provisions of the Constitution.

The Orphans' Court did not exercise its discretion because it thought it did not have the power. Since it has the power, the case could be remanded for its determination on the facts, but this might lead to a further appeal and more delay. The facts seem to be fully stated, and the only objection to the extension (other than the legal one, already disposed of) is that the appellant was slow in filing her bill of complaint in the Circuit Court. In a case such as this, where definite allegations of fraud are made, she is entitled to her day in court. She did not delay unduly in deciding to file her bill of complaint. She may properly have hesitated to file her bill until she had no other method of getting her rights. She should not be required to make a gambler's choice. The extension should be granted.

It is, in my opinion, much to be regretted that the majority of the Court could not reach the conclusions above outlined. I think they have placed too much emphasis on narrow technical contentions and have overlooked the real purpose of the Legislature in enacting the statute.

I am authorized to say that Judge Delaplaine joins with me in the views I have endeavored to express in this opinion.