## MONTGOMERY COUNTY WELFARE BOARD *v.* DONNALLY, ADMINISTRATRIX

[No. 175, October Term, 1949.]

444

 

*Decided May 17, 1950.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Plummer M. Shearin, Assistant County Attorney for Montgomery County,* with whom was *David Macdonald, County Attorney,* on the brief, for the appellant.

No brief and no appearance for the appellee.

GRASON, J., delivered the opinion of the Court.

The Montgomery County Welfare Board alleges it advanced the sum of $2,014.30 to Mary Lyles Potts during her lifetime. Upon her death Letters of Administration were granted on her estate by the Orphans' Court of Montgomery County to Lydia Lyles Donnally, Administratrix. The Board filed a claim for the money so advanced, in the estate in the Orphans' Court and payment thereof was refused by the Administratrix. Thereupon the Montgomery County Welfare Board sued Lydia Lyles Donnally, Administratrix of the estate of Mary Lyles Potts, deceased, for the sum so advanced, in the

Circuit Court for Montgomery County. The Administratrix demurred to the declaration and set up as grounds for her demurrer that the Welfare Board is without authority to sue the estate for this claim, and the court sustained the demurrer.

In an opinion filed in the case the court stated, in effect, that the Board is given direct authority to sue under section 16 of Article 70A of the 1939 Code for reimbursement for assistance granted under that section, but that under section 17 of said Article the Board is not given authority to sue the estate of one who received assistance from the Board during his lifetime, and holds that "the proper place to file a 'claim' against an estate is in the Orphans' Court", and that if the claim is established in that court it" 'shall be allowed' ". The opinion further states: "The proper procedure would seem to be for the Welfare Board to petition the Orphans' Court to direct the administratrix to allow the claim. If any, or all, of the advancements be disputed, the matter could be disposed of by the Orphans' Court upon submission by the parties; and, if they do not care to submit the same, issues could be framed and sent to the law court, which would settle whether or not any advancements were made. If found to have been made, they would be allowed as a claim; if not, they would be disallowed."

It may be stated that the Orphans' Court is not a court of general jurisdiction, but its jurisdiction is limited and prescribed. Its authority is prescribed by law, and what is not so prescribed it does not possess. *Townshend v. Brooke,* 9 Gill 90; *Lowe v. Lowe,* 6 Md. 347; *Fowler v. Brady,* 110 Md. 204, 73 A. 15; *Fidelity & Deposit Co. of Md. v. Freud,* 115 Md. 29, 80 A. 603; *Mudge v. Mudge,* 155 Md. 1, 141 A. 396; *Hopper v. Hopkins,* 162 Md. 448, 160 A. 166; *Marbury v. Ward,* 163 Md. 330, 162 A. 919; *Greenhawk v. Quimby,* 168 Md. 396, 177 A. 537; *Baldwin v. Hopkins,* 171 Md. 97, 187 A. 884; *Phillips v. Phillips' Estate,* 179 Md. 583, 19 A. 2d 839; *Barrett v. Clark,* 189 Md. 116, 54 A. 2d 128, 173 A. L. R. 988.

If a claim is filed against an estate being administered in the Orphans' Court and the representative of that estate refuses payment, the Orphans' Court has no jurisdiction to adjudicate the claim and the claimant must institute suit on the claim against the personal representative in a court of law.

In *Marbury v. Ward, supra,* this court said [163 Md. 330, 162 A. 921]: "It is well settled that the Orphans' Court is a court of limited jurisdiction and has only such powers as are expressly given by statute, which do not include the right to decide between an executor and third parties." See authorities there cited. *Strasbaugh v. Dallam,* 93 Md. 712, 50 A. 417.

And when the administratrix refused to allow the claim of the Welfare Board, the Board was required to bring suit within nine months after the claim was refused by the administratrix. Art. 93, sec. 112, 1939 Code.

And "no administrator shall be obliged to discharge any claim of which vouchers and proofs shall be exhibited as aforesaid, but may reject and at law dispute the same, in case he shall have reason to believe that the deceased never owed the debt or had discharged the same or a part thereof or had a claim in bar." Art. 93, sec. 104, 1939 Code.

The passing of a claim in an estate by the Orphans' Court is not conclusive on the personal representative. He may, at his own option, contest it and compel the claimant to resort to law to enforce payment; nor can the Orphans' Court restrain him from so doing. *Bowie v. Ghiselin,* 30 Md. 553. See *Levering v. Levering,* 64 Md. 399, 2 A. 1. See *Houck v. Houck,* 112 Md. 122, 76 A. 581.

Article 70A, (Old Age Assistance) sec. 16, 1947 Supplement to the Code, provides that in case one who has received assistance from the Board "becomes possessed of any property or income in excess of the amount stated in the application, it shall be the duty of the recipient immediately to notify the County Department of the receipt or possession of such property or income

and the County Department may, after investigation, either cancel the assistance or alter the amount thereof in accordance with the circumstances. Any assistance paid before the recipient has come into possession of such property or income and in excess of his need shall be recoverable by the County Department as a debt due. * * *"

Section 17 of said Article provides: "On the death of any recipient, the total amount of assistance paid under this Article shall be allowed as a claim against the estate. * * *"

Section 16 provides for the recovery of the difference between the property or income received by the recipient and the amount received from the Board as assistance "as a debt due". It does not affirmatively provide that the Board can bring suit in such case; neither does section 17 affirmatively provide that the Board can bring suit on a claim filed against the estate of one who has received assistance from the Board during his lifetime. The provision in section 16, that the amount is recoverable by the County Department as a "debt due", and in section 17, that the amount allowed as assistance during the lifetime of a recipient "shall be allowed as a claim against the estate", would be perfectly idle and useless if the Board could not sue in a court of law for the debt or for the claim against a recipient's estate.

Under Article 88A., section 2A, 1947 Supplement to the Code, the State Department of Public Welfare is "the central coordinating and directing agency of all welfare activities in this State, including * * * Old Age Assistance, * * *." Section 3B. (a) provides: "It shall be the duty of the attorney to the County Commissioners of each of the several counties of the State, or an attorney to be designated by the County Commissioners, to institute and defend all civil cases in which any county welfare board is an interested party. All such suits shall be instituted in the name of the welfare board of such county."

Section 3B. (b) provides: "Whenever such attorneys institute suit for the recovery, from the estate of a recipient of any type of public assistance, of the amount paid to such recipient during his lifetime, or whenever such attorneys institute suit for the recovery, from a recipient of any type of public assistance, of the amount paid to such recipient prior to his coming into possession of any property or income in excess of the amount stated in his application for assistance and in excess of his need, such attorneys may be allowed such fees for their services as may be fixed by the court, * * *."

In the case of the *School Commissioners of Wicomico County v. School Commissioners of Worcester County*, 35 Md. 201, 203, Judge Alvey said: "The Act of 1868 did not, in terms, incorporate the Boards of County School Commissioners for the several counties; but all the property, money and funds of every sort existing for the use and benefit of the public schools in the several counties, were transferred to and vested in such boards, and their successors in office, and they were charged with the duty of administering and supervising the affairs of the public schools in their respective counties. They were, therefore, while not incorporated as legal entities in the full sense of the term, *quasi* corporations, with full power to sue and liable to be sued, in respect to all matters within the scope of their duties and obligations. This results as well from the objects and purposes of such bodies, as the mode and manner of their organization."

In *Fisher & Carozza Co. v. Mackall*, 138 Md. 586, 588, 593, 114 A. 580, 582, the court quoted from *State Roads Commission v. Postal Tel. Co.*, 123 Md. 73, 91 A. 147, as follows: "The Commission, by the terms of the act creating it, was not in a full sense a corporate body, yet was a *quasi* corporation, vested with powers of control and regulation over the public highways, and charged with the duty of administering and supervising that department of the State. For all matters coming within the

scope of their duties and obligations they could therefore sue, and were liable to be sued."

There is no doubt that the Montgomery County Welfare Board is a *quasi* corporation and had full authority to institute this suit against appellee. It would seem plain, from the cases decided by this court, that (1) the Orphans' Court was without jurisdiction to adjudicate the claim sued on; (2) that court could not compel either the administratrix or the Board to submit to its jurisdiction; (3) when the claim of the Board, properly authenticated, was exhibited to the administratrix and she refused to pay the same, the only recourse for the Board was to institute suit on the claim against the administratrix in a court of law; (4) this suit had to be instituted within nine months after the administratrix refused to allow the claim; (5) the Board, as a *quasi* corporation, had full power to institute this case. The demurrer to the declaration filed in this case should have been overruled.

Counsel for the Board requested the court to enter judgment for the defendant, so that he might appeal from the judgment entered on demurrer. The judge evidently thought that the matter would be referred back to the Orphans' Court and handled in accordance with his opinion. There was, therefore, no final judgment in this case, and the appeal will have to be dismissed.

This court, in *Walter v. Montgomery County,* 179 Md. 665, 22 A. 2d 472 was required to dismiss the appeal in that case, which came up from the Circuit Court for Montgomery County, for the same reason that we are required to dismiss the appeal in this case, namely because the appeal was taken from an order sustaining a demurrer and not from a final judgment. But the Walter case was thereafter tried in the Circuit Court for Montgomery County and decided, and came up to this court on appeal a second time. *Walter v. Montgomery County,* 180 Md. 498, 25 A. 2d 682.

*Appeal dismissed, with costs.*